■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JACKSON, Appellant. [608 NYS2d 640] —Judgment, Supreme Court, New York County (Herbert J. Adlerberg, J., at suppression hearing and plea; Carol Berkman, J., at sentencing), rendered September 12, 1990, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.

Contrary to defendant's arguments, the arresting officer's testimony at the suppression hearing was not self-contradictory or impeached by the officer's failure to record in the complaint report, on-line booking sheet, and memo book notes, his observation, as testified to at the hearing, of a bulge in defendant's waistband. As found by the hearing court, the officer's testimony was consistent throughout the hearing and fully supported by an in-court demonstration. The officer's failure to mention his observation of the bulge in the three documents in question was easily explained at the hearing on the ground that, in these circumstances, those documents did not call for that particular information. An omission of a fact at a prior time is insufficient for impeachment purposes unless it is shown that the witness' attention was called specifically to the matter in question at the earlier time *(People v Bornholdt,* 33 NY2d 75, 88, *cert denied sub nom. Victory v New York,* 416 US 905). Additionally, the officer cannot be expected to explain why an interviewing detective did not record in his interview notes the officer's reported observation of the bulge.

The hearing court's determinations of fact and credibility are supported by the record and will not be disturbed by this Court *(People v Jones,* 168 AD2d 370, *lv denied* 77 NY2d 907). Concur—Murphy, P. J., Kupferman, Asch, Williams and Tom, JJ.