■ In the Matter of NOE H., a Person Alleged to be a Juvenile Delinquent, Appellant. [619 NYS2d 265] —Order of disposition, Family Court, New York County (Judith Sheindlin, J.), entered September 13, 1993, adjudicating respondent-appellant a juvenile delinquent following a fact-finding determination that he committed an act which, if committed by an adult, would constitute the crime of criminal possession of a weapon in the third degree, and placing him on probation for 12 months, unanimously affirmed, without costs.

Family Court properly denied appellant's motion to suppress the gun and ammunition recovered upon his arrest, based on the arresting officer's testimony that appellant matched the detailed description, spontaneously provided to him and his partner moments before by a man in the street who flagged them down, of a youth who was trying to fire a gun that appeared to be jammed, and, when questioned whether he had a gun, reached with his hand toward his waistband. Such testimony, which was sufficient to show reasonable suspicion to stop and frisk, was not incredible as a matter of law by reason of the arresting officer's omission from his memo book of the details of the informant's description of appellant or of appellant's act of reaching toward his waistband. Since nothing in the memo book actually contradicted the officer's testimony, the memo book entry could be viewed as simply a more abbreviated account of the incident than the testimony, and certainly did not make the testimony " 'impossible of belief' " and " 'manifestly untrue' " (People v Garafolo, 44 AD2d 86, 88). Questions of credibility are primarily to be resolved by the trier of fact who actually sees and hears the witnesses, and whose determination is to be accorded great weight and not disturbed on appeal unless clearly unsupported by the record (People v Woodham, 158 AD2d 494, 495). Concur—Wallach, J. P., Asch, Rubin and Williams, JJ.