■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL NAZARIO, Appellant. [653 NYS2d 123] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered February 9, 1995, convicting him of robbery in the first degree, burglary in the first degree, criminal possession of a weapon in the second degree, and criminal pos-

session of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Feldman, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, Officer Cole-Palmer's testimony at the suppression hearing was not self-contradictory or impeached by her failure to record in the complaint report and memo book her observation, as testified to at the hearing, of a bulge in the defendant's waistband (see, People v Jackson, 202 AD2d 246). The memo book entry could be viewed as simply a more abbreviated account of the incident than the testimony (see, Matter of Noe H., 210 AD2d 43). Moreover, an omission of fact at a prior time is insufficient for impeachment purposes unless it is shown that the witness' attention was called specifically to the matter in question at the time of the omission (see, People v Bornholdt, 33 NY2d 75, 88-89, cert denied sub nom. Victory v New York, 416 US 905; People v Jackson, supra). We see no reason to disturb the hearing court's finding that the officers' testimony was credible (see, People v Milliner, 146 AD2d 717, 718).

Viewing the evidence adduced at trial in a light most favorable to the defendant (see, People v Butts, 72 NY2d 746, 750), the trial court properly denied the defendant's request to charge temporary and lawful possession (see, People v Bonterre, 169 AD2d 481).

The defendant's remaining contentions are without merit. O'Brien, J. P., Florio, McGinity and Luciano, JJ., concur.