THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANJIT SINGH, Appellant. [670 NYS2d 346] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flug, J.), rendered March 28, 1995, convicting him of attempted sexual abuse in the first degree, endangering the welfare of a child, and harassment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly denied the defendant's challenge of a prospective juror for cause. Although the juror initially stated that she could not pass judgment on others, she unequivocally stated, upon further questioning, that she could hear the evidence, receive the court's instructions on the law, deliberate, and render a fair and impartial verdict (*see, People v Williams*, 63 NY2d 882; *People v Blyden*, 55 NY2d 73, 78-79). Moreover, where a court determines, after reasonable inquiry, that a juror will cast aside any preconceived notion, impression, or opinion as to the guilt or nonguilt of an accused and render a verdict based solely upon the evidence presented at trial, that juror may be considered impartial and fit for service (*see, People v Byrd*, 214 AD2d 581).

Furthermore, because a proper foundation was not laid, the complainant's trial testimony could not be impeached simply by showing that she omitted to state certain facts to the investigating officer (*see, People v Duncan*, 46 NY2d 74, 80-81). Defense counsel failed to show that the complainant's attention was called to, and that she was specifically asked about, the facts omitted (*see, People v Bornholdt*, 33 NY2d 75, 88; *People v Nazario*, 235 AD2d 435).

The defendant's sentence was not excessive (*see, People v Suitte*, 90 AD2d 80). Rosenblatt, J. P., Ritter, Sullivan and Goldstein, JJ., concur.