■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DORY MEDINA, Appellant. [672 NYS2d 53] —Judgment, Supreme Court, Bronx County (George Covington, J.), rendered July 6, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing her, as a persistent felony offender, to a term of 15 years to life, unanimously modified, on the law, the facts and as a matter of discretion in the interest of justice, to vacate the sentence and remand for resentencing as a second felony offender and, except as thus modified, affirmed.

Defendant did not preserve her current claim that, in disallowing two defense peremptory challenges, the court failed to follow proper *Batson* procedures (*see, People v Williams*, 238 AD2d 191), and we decline to review defendant's claim in the interest of justice. Were we to review the claim, we would find that the court sufficiently followed the *Batson* steps and, upon assessment of the pertinent record and defense counsel's arguments, properly rejected the proffered race-neutral reasons as pretextual (*supra*).

Contrary to defendant's claim, raised for the first time on appeal, that the court unduly hampered defendant's cross-examination of a police witness about a police report, the record indicates that defendant had ample opportunity to present the defense of misidentification. In this connection, the court improperly precluded admission of the undercover officer's buy report for the purpose of impeachment by omission on the ground that there was no showing that the form called the witness's attention to the specific fact omitted (*see, People v Bornholdt*, 33 NY2d 75, 88, *cert denied sub nom. Victory v New York*, 416 US 905; *People v Jackson*, 202 AD2d 246; *see also, People v Duncan*, 46 NY2d 74, 80-81, *cert denied* 442 US 910). The *Bornholdt* rule, which requires a showing that, at the prior time, the witness's attention was called to the specific facts omitted, has no application to a buy report prepared by the officer whose credibility is sought to be impeached by an omission in that report. Moreover, the document clearly qualified as an entry kept in the regular course of business. Notwithstanding the court's erroneous ruling, the buy report's omission of "scratches on the face" in a description of the seller withstands

harmless error analysis, especially in light of defendant's extensive cross-examination of the witness regarding the reliability of his identification testimony.

We find, however, that in sentencing defendant as a discretionary persistent felony offender, the court improvidently exercised its discretion. Initially, we note that, although the issue is not raised, it appears that the sentencing court failed to follow the procedural prerequisites for the imposition of such a sentence. (See, CPL 400.20.) On the question of the appropriateness of the sentence, while defendant, a drug addict, has three prior felony convictions, all by plea of guilty for drug sales similar in type to the instant crime, we should not lose sight of the fact that what is involved here is a low-level $15 street sale.* In such circumstances, a 15 year to life sentence is grossly disproportionate to the offense involved. Thus, we remand for imposition of resentence not inconsistent with the views expressed herein. Concur—Sullivan, J. P., Milonas, Rosenberger and Andrias, JJ.

---

* Two of these prior felony convictions served as the basis for sentencing as a persistent felony offender.