■ The People of the State of New York, Respondent, v Peter Nesbit, Appellant. [693 NYS2d 25] —Judgment, Supreme Court, Bronx County (Robert Straus, J.), rendered April 16, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years and 1 year, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb the jury's credibility determinations. The People presented overwhelming evidence of defendant's guilt, including defendant's possession of prerecorded buy money, and the jury had ample basis on which to reject, as incredible, defendant's explanation of how he acquired the money.

We conclude that any error in the court's preclusion of the undercover officer's buy report and of cross-examination showing an omission therefrom was harmless in light of the overwhelming evidence of defendant's guilt and the minimal probative value of the omission (*see, People v Medina*, 249 AD2d 166, *lv denied* 92 NY2d 901). The court's remaining restrictions on defendant's cross-examination were proper exercises of discretion (*see, People v Bornholdt*, 33 NY2d 75, 88, *cert denied sub nom. Victory v New York*, 416 US 905; *People v Schwartzman*, 24 NY2d 241, 244, *cert denied* 396 US 846).

By failing to object, by making only generalized objections, and by failing to request further relief after objections were sustained, defendant has failed to preserve his present challenges to the People's cross-examination and summation, and we decline to review them in the interest of justice. Were we to review these claims, we would find that they would not warrant reversal (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

We have considered and rejected defendant's remaining claims. Concur—Ellerin, P. J., Mazzarelli, Rubin, Andrias and Buckley, JJ.