■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDMON HILL, Appellant. [706 NYS2d 702] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered November 26, 1996, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was arrested in a "buy and bust" operation after allegedly selling crack cocaine to an undercover police officer. On appeal, he contends that the trial court committed reversible error by refusing to allow defense counsel to cross-examine the officer regarding a notation in his report which may have indicated an unsuccessful "buy" attempt. We agree.

Inasmuch as the report, a document which qualified as one kept in the regular course of business, was properly admitted into evidence, defense counsel should have been permitted to cross-examine the witness with respect to the notations contained therein (see, People v Medina, 249 AD2d 166). Moreover, the evidence against the defendant was not so overwhelming as to render this error harmless (see, People v Crimmins, 36 NY2d 230). Accordingly, the defendant is entitled to a new trial.

In view of this conclusion, it is unnecessary to reach the defendant's remaining contentions. Santucci, J. P., Joy, Thompson and Goldstein, JJ., concur.