■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAY WALTERS, Appellant. [772 NYS2d 304]—

Judgment, Supreme Court, New York County (Bonnie Wittner, J., at suppression hearing; Dora Irizarry, J., at plea and sentence), rendered December 4, 2001, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, and order, same court (Dora Irizarry, J.), entered on or about April 25, 2002, which denied defendant's motion to vacate the judgment pursuant to CPL 440.10, unanimously affirmed.

The court properly denied defendant's suppression motion. The complete sequence of events that the officer observed, centering upon the display by defendant and another person of money and a bag of apparent drugs, had no rational explanation except that defendant purchased the bag of drugs from the other person, even though the officer did not actually see defendant acquire the bag. Accordingly, there was probable cause for defendant's arrest (*see People v Jones*, 90 NY2d 835 [1997]; *People v Mercado*, 68 NY2d 874 [1986], *cert denied* 479 US 1095 [1987]). Contrary to defendant's pro se arguments, there is no

basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]).

The suppression hearing court properly exercised its discretion in precluding defendant from questioning the undercover officer about a purported omission in his grand jury testimony (*see People v Bornholdt*, 33 NY2d 75, 88 [1973], *cert denied sub nom. Victory v New York*, 416 US 905 [1974]). Any error in the court's preclusion of questioning regarding a purported omission in the officer's report was harmless (*see People v Medina*, 249 AD2d 166 [1998], *lv denied* 92 NY2d 901 [1998]). The remaining limitations on cross-examination challenged by defendant on appeal were proper exercises of discretion.

The record establishes that defendant received effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *People v Ford*, 86 NY2d 397, 404 [1995]; *see also Strickland v Washington*, 466 US 668 [1984]). We have considered and rejected defendant's remaining arguments concerning his motion to vacate judgment. Concur—Tom, J.P., Andrias, Saxe, Ellerin and Marlow, JJ.