OPINION OF THE COURT
Lucy Billings, J.
The People have charged defendant with prostitution. (Penal Law § 230.00.) She moves to dismiss the accusatory instru *570 ment for facial insufficiency. (CPL 170.30 [1] [a]; 170.35 [1] [a].) For the reasons discussed below, the court grants the motion to dismiss the charge.
1. THE ACCUSATORY INSTRUMENT
“A person is guilty of prostitution when such person engages or agrees or offers to engage in sexual conduct with another person in return for a fee.” (Penal Law § 230.00.) The People allege this offense using a preprinted form that provides blank spaces to identify the accused, the complainant, and the time and place the offense was committed. The factual part further provides: “Deponent states that while deponent was acting as an undercover officer the defendant agreed to engage in sexual conduct with the deponent, which was, (circle one) a) fellatio, b) sexual intercourse, c) masturbation, with informant in exchange for $_U.S. Currency.” Option “c” is circled, and “60/xx” is written as the alleged consideration for the act. The accusatory instrument presents no other facts to establish the elements of the offense.
2. THE SUFFICIENCY OF THE ACCUSATORY INSTRUMENT
An information is sufficient on its face if it contains nonhearsay allegations of an evidentiary nature that provide reasonable cause to believe defendant committed every element of the offense charged. (CPL 100.15 [3]; 100.40 [1]; People v Alejandro, 70 NY2d 133, 137 [1987]; People v Hall, 48 NY2d 927 [1979].) Defendant insists the accusatory instrument fails to state sufficient facts to allege a prima facie agreement to engage in sexual conduct for a fee. The People respond that the allegations are sufficient to charge “loitering for prostitution”, presumably referring to Penal Law § 240.37, loitering for the purpose of engaging in a prostitution offense, obviously a different offense from the crime charged.
The Penal Law does not define “agree” or “agreement”. The meaning of “agree” in the law is “concur * * * give mutual assent; unite in mental action”. (Black’s Law Dictionary 66 [6th ed 1990].) An “agreement” is defined as “a concord of understanding and intention between two or more parties” or “manifestation of mutual assent”. (Id., at 67.)
Although the court has not found any case law regarding what constitutes evidence of an agreement under Penal Law § 230.00, the case law does address that issue where an agreement is an element of other offenses under the Penal Law. For example, to “sell” a controlled substance within the meaning of *571 Penal Law § 220.00 (1) includes to “agree” to sell, and that agreement must be alleged by evidence of “ ‘an ability and intent on the part of the defendant to complete the transaction’ ”. (People v Braithwaite, 162 Misc 2d 613, 615 [Sup Ct, NY County 1994], quoting People v Gondolfo, 94 Misc 2d 696, 702 [Sup Ct, NY County 1978].) An element of conspiracy under Penal Law § 105.00 is also an agreement to engage in criminal conduct, requiring evidence of “ ‘ “concert of action, all the parties working together understandingly, with a single design for the accomplishment of a common purpose” ’ ”. (People v Ruiz, 130 Misc 2d 191, 195 [Sup Ct, NY County 1985] [citation omitted]; see also, People v Camarre, 171 AD2d 1070 [4th Dept 1991].)
A common thread in these definitions, in terms pertinent to the issue before the court, is the need for evidence that defendant actually agreed to engage in a sexual act for a fee under circumstances evidencing the requisite criminal intent. If the mere agreement to the terms of an act of prostitution were the criminal equivalent of the consummated act, the prosecution of such an offense would penalize a mere state of mind. (People v Bracey, 41 NY2d 296, 300 [1977].) On the other hand, if proof of this offense is similar to the proof of other offenses involving an agreement, that proof would require evidence of an affirmative act in furtherance of the agreement. The requisite intent, as with any element of an offense, may be proved circumstantially. (People v Ozarowski, 38 NY2d 481, 489 [1976].) In this case, the complainant is certainly competent to allege the terms of an alleged illicit agreement, and such terms, by their nature, may constitute circumstantial evidence of the intent to agree to a criminal act.
Here, however, the court need not determine whether an accusatory instrument charging prostitution must allege acts of agreement showing defendant’s intent to consummate an act of prostitution, such as taking a step toward committing the act: accepting the consideration or accompanying the undercover officer to a place where the sexual act might occur, for example. More fundamentally, the complaint must allege facts that make a prima facie showing defendant actually agreed to engage in a sexual act for a fee. The bare allegation that defendant “agreed” to the terms of an act of prostitution fails even to inform the court or defendant how she manifested the “mutual assent” (Black’s Law Dictionary, op. cit., at 67), or the “ability and intent” on her part to agree with anyone to do anything, whether illicit or otherwise. (People v Braithwaite, 162 Misc *572 2d, supra, at 615.) The accusatory instrument alleges not the barest indication, circumstantial or otherwise, of any utterance or slightest gesture by defendant to show that she either offered or accepted the alleged terms.
The allegation that defendant “agreed” to an act of prostitution is merely conclusory: a “conclusion of fact without stating the specific facts upon which the conclusion is based”. (Garner, A Dictionary of Modern Legal Usage 135 [1987 ed].) Conclusory allegations of fact do not support a jurisdictionally valid accusatory instrument. (People v Dumas, 68 NY2d 729, 731 [1986].)
3. DISPOSITION
Therefore the court dismisses the accusatory instrument for facial insufficiency. (CPL 170.30 [1] [a]; 170.35 [1] [a].) The Clerk of the Court is to seal the file. (CPL 160.50.) The People have leave to refile the charge consistent with CPL 30.30 and 170.30. (People v Nuccio, 78 NY2d 102, 104-105 [1991].)