■ In the Matter of DARNELL C., a Person Alleged to be a Juvenile Delinquent, Appellant. [759 NYS2d 739] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Pearce, J.), dated December 7, 2001, which, upon a fact-finding order of the same court, dated October 3, 2001, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crime of obstructing governmental administration in the second degree, adjudicated him to be a juvenile delinquent and placed him on probation for a period of 12 months. The appeal brings up for review the fact-finding order dated October 3, 2001.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Contrary to the appellant's contention, the petition and supporting deposition contained sufficient nonhearsay allegations to establish, if true, the appellant's commission of acts constituting obstruction of governmental administration in the second degree (*see* Family Ct Act § 311.2 [3]; Penal Law § 195.05). The supporting deposition of the arresting officer established that he approached the appellant during school hours, and told him to go to school. The appellant repeatedly refused, responded with obscenities, and became louder and more agitated. After approximately 15 minutes, the officer asked the appellant to either get into the truancy van or the officer would have to handcuff him. The appellant refused, and when the officer went to reach for his hands to handcuff him, he crossed his arms and began bumping the officer with his body. After the officer had placed the appellant on the ground, the appellant still refused to allow the officer to handcuff him. These allegations were sufficient to demonstrate both that the officer's conduct was authorized by law and thus constituted an official function, and that the appellant acted with the intent to prevent the officer from performing that function (*see Matter of Michael C.,* 264 AD2d 842 [1999]). Although the officer's deposition did not state the reason for suspecting that the appellant was a school-aged child who was obligated to go to school, it can be inferred from the deposition that the officer reasonably believed that the appellant was truant from school (*see generally Matter of Wilson G.,* 214 AD2d 670, 671 [1995]).

Viewing the evidence in the light most favorable to the presentment agency, we find that it was legally sufficient to support the determination made in the fact-finding order (*see Matter of Dennis G.,* 294 AD2d 501 [2002]). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*cf.* CPL 470.15 [5]). Indeed, the appellant's actions of, among other things, shouting at the officer, refusing to comply with his order, physically bumping the officer, and lying on his hands in an attempt to avoid being handcuffed, were sufficient to constitute "physical force or interference" under Penal Law § 195.05 (*see People v Case,* 42 NY2d 98 [1977]; *Willinger v City of New Rochelle,* 212 AD2d 526, 527 [1995]).

Contrary to the appellant's contentions, although the Family Court could have stated its rationale more articulately, the court applied the proper legal standard to the facts of this case.

The appellant's challenge to the Family Court's imposition of probation for a period of 12 months is academic, since the probation period expired on December 6, 2002 (*see Matter of*

*Yuan Tung C.,* 296 AD2d 323 [2002]; *Matter of Anthony G.,* 247 AD2d 792 [1998]; *Matter of Christopher H.,* 198 AD2d 120 [1993]). Santucci, J.P., Feuerstein, McGinity and Schmidt, JJ., concur.