■ In the Matter of STEVON H., a Person Alleged to be a Juvenile Delinquent, Appellant. [768 NYS2d 318]—Order of disposition, Family Court, New York County (Mary Bednar, J.), entered on or about February 7, 2003, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts which, if committed by an adult, would constitute the crimes of assault in the second degree and criminal possession of a weapon in the fourth degree, and placed him with the Office of Children and Family Services for a period of 18 months, unanimously affirmed, without costs.

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the court's determinations concerning credibility. The victim's detailed testimony clearly established that appellant and his companions attacked the victim with intent to injure him and without any justification.

Appellant's challenge to the form of the court's finding is unpreserved (*see Matter of Tukayra W.*, 309 AD2d 623 [2003]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court's fact-finding order complied with the statutory requirements (*id.*). Concur—Andrias, J.P., Rosenberger, Williams and Lerner, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TANISA HUDSON, Appellant. [768 NYS2d 466]—

Judgment, Supreme Court, New York County (Charles Solomon, J.), rendered January 28, 2003, convicting defendant, on her plea of guilty, of attempted robbery in the first degree, and sentencing her to a term of 3½ years, unanimously affirmed.

The court properly denied youthful offender treatment. Since defendant was convicted of an armed felony, she was not eligible for youthful offender treatment in the absence of mitigating circumstances that "bear directly upon the manner in which the crime was committed" (CPL 720.10 [2] [a]; [3] [i]). The record does not establish such mitigating circumstances, and, given the circumstances of the crime, youthful offender treatment was not warranted in any event. Concur—Andrias, J.P., Rosenberger, Williams and Lerner, JJ.