In the Matter of GABRIELLE M., a Person Alleged to be a Juvenile Delinquent, Appellant. CORPORATION COUNSEL, Respondent. [824 NYS2d 344]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Spodek, J.), dated August 1, 2005, which, upon a fact-finding order of the same court (O'Donoghue, J.), dated April 4, 2005, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of assault in the second degree (three counts) and criminal possession of a weapon in the fourth degree, adjudged her to be a juvenile delinquent and placed her with the Office of Children and Family Services for a period of 18 months. The appeal brings up for review the fact-finding order dated April 4, 2005.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant's challenge to the form of the court's fact-finding order is unpreserved for appellate review (*see Matter of Stevon H.,* 2 AD3d 230 [2003]; *Matter of Tukayra W.,* 309 AD2d 623 [2003]). In any event, the Family Court was not required to specifically state that the justification defense was disproven beyond a reasonable doubt (*see* Family Ct Act § 345.1).

Furthermore, the defense of justification was disproven by overwhelming evidence (*see People v DiGuglielmo,* 258 AD2d 591 [1999]). Two teachers testified at the fact-finding hearing that the appellant, during a confrontation with another student, went outside the classroom and came back in, whereupon she picked up the scissors and swung at the fellow student while shouting "I'm going to kill you."

Under the facts of this case, the Family Court should have drawn a negative inference from the failure of the presentment agency to call the appellant's intended victim as a witness (*see People v Brown,* 4 AD3d 790 [2004]). However, the error was harmless (*see People v Govan,* 288 AD2d 235 [2001]). Ritter, J.P., Goldstein, Rivera and Spolzino, JJ., concur.