■ In the Matter of QUAMEL D., Appellant. [911 NYS2d 471]— In two juvenile delinquency proceedings pursuant to Family Court Act article 3, the appeals are from (1) an order of disposition of the Family Court, Kings County (Weinstein, J.), entered in the proceeding commenced under docket No. D-22440-09 and dated November 4, 2009, which, upon a fact-finding order of the same court dated October 7, 2009, made after a hearing, finding that the appellant committed acts which, if committed by an adult,

would have constituted the crimes of assault in the second degree, assault in the third degree, criminal possession of a weapon in the second degree, and menacing in the third degree, adjudged the appellant to be a juvenile delinquent and placed him with the New York State Office of Children and Family Services for a period of 18 months, with a minimum placement period of 6 months and with credit for time served, to run concurrently with the appellant's placement under docket Nos. D-18188-07 and D-26822-07, and (2) an order of the same court entered in the proceeding commenced under docket No. D-26822-07 and also dated November 4, 2009, which, after a hearing, found that the appellant willfully violated a condition of a term of probation previously imposed in an order of disposition dated October 25, 2007, vacated that order of disposition, and placed the appellant with the New York State Office of Children and Family Services for a period of 12 months, with a minimum placement period of 6 months and with credit for time served, to run concurrently with the appellant's placement under docket Nos. D-18188-07 and D-22440-09. The appeal from the order of disposition brings up for review the fact-finding order dated October 7, 2009.

Ordered that the appeal from so much of the second order dated November 4, 2009, as placed the appellant with the New York State Office of Children and Family Services for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of placement has expired; and it is further,

Ordered that first order dated November 4, 2009, is affirmed, without costs or disbursements; and it is further,

Ordered that the second order dated November 4, 2009, is affirmed insofar as reviewed, without costs or disbursements.

The appellant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see Matter of James G.*, 309 AD2d 935 [2003]). In any event, viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted the crimes charged, either personally or as an accessory (*see Matter of Omar G.*, 38 AD3d 549 [2007]; *cf.* Penal Law § 20.00). The evidence was also legally sufficient to disprove the appellant's justification defense beyond a reasonable doubt (*see Matter of Louis C.*, 38 AD3d 541, 542 [2007]; *Matter of Rosario S.*, 18 AD3d 563, 564 [2005]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Hasan C.*, 59 AD3d

617, 617-618 [2009]; cf. CPL 470.15 [5]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (see Matter of Daniel R., 51 AD3d 933 [2008]; cf. People v Mateo, 2 NY3d 383 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the Family Court's findings of fact were not against the weight of the evidence (see Family Ct Act § 342.2 [2]; Matter of Darnell C., 66 AD3d 771, 772 [2009]; cf. People v Romero, 7 NY3d 633 [2006]).

Any error committed by the Family Court in failing to draw a negative inference from the presentment agency's failure to call a certain witness was harmless (see Matter of Gabrielle M., 33 AD3d 1005 [2006]).

Inasmuch as one of the acts constituting the basis for the fact-finding order was also the basis for the Family Court's conclusion that the appellant violated a previously imposed term of probation, the second order dated November 4, 2009, which, inter alia, revoked the appellant's probation, must be affirmed insofar as reviewed. Dillon, J.P., Santucci, Dickerson and Chambers, JJ., concur.