■ In the Matter of Kalexis R., a Person Alleged to be a Juvenile Delinquent, Appellant. [925 NYS2d 356]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Kalexis R. appeals from an order of disposition of the Family Court, Queens County (Lubow, J.), dated July 8, 2009, which, upon a fact-finding order of the same court dated May 11, 2009, finding that he committed acts which, if

committed by an adult, would have constituted the crimes of assault in the second degree and resisting arrest, adjudged him to be a juvenile delinquent and placed him in the custody of the Office of Children and Family Services for a period of 18 months, with credit for time spent in detention. The appeal from the order of disposition brings up for review the fact-finding order dated May 11, 2009.

Ordered that the order of disposition is reversed, on the facts, without costs or disbursements, the fact-finding order is vacated, the petition is dismissed, and the matter is remitted to the Family Court, Queens County, for further proceedings pursuant to Family Court Act § 375.1.

The appellant was adjudicated a juvenile delinquent on the basis of the Family Court's fact-finding that he committed acts which, if committed by an adult, would have constituted the crimes of assault in the second degree (Penal Law § 120.05 [3]) and resisting arrest (Penal Law § 205.30). The appellant contends that the fact-finding is against the weight of the evidence because the police did not have probable cause to arrest him.

To sustain a charge in a petition that the respondent has committed acts which, if committed by an adult, would have constituted the crime of resisting arrest, the presentment agency must prove beyond a reasonable doubt that the police had probable cause for the arrest (*see* Penal Law § 205.30; *Matter of Kara M.*, 242 AD2d 630, 631 [1997]; *Matter of Charles M.*, 143 AD2d 96 [1988]; *cf. People v Peacock*, 68 NY2d 675, 677 [1986]; *People v Lindsey*, 52 AD3d 527, 529 [2008]). Similarly, to sustain a charge in a petition that a respondent committed acts which, if committed by an adult, would have constituted the crime of assault in the second degree against a police officer under Penal Law § 120.05 (3), the presentment agency must prove beyond a reasonable doubt that the respondent's acts were committed with the intent to prevent the officer from performing a "lawful duty" (Penal Law § 120.05 [3]). A police officer effecting an arrest without probable cause is not performing a lawful duty (*see People v Lindsey*, 52 AD3d at 529-530; *People v Greene*, 221 AD2d 559, 560 [1995]).

In evaluating a claim that a fact-finding at a juvenile delinquency proceeding is against the weight of the evidence, we accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor (*see Matter of Macye Mc.*, 82 AD3d 892 [2011]; *Matter of Darnell C.*, 66 AD3d 771, 772 [2009]). Here, even accepting the Family Court's credibility determinations in their entirety, we find that

its fact-finding cannot be sustained, because the evidence presented did not satisfactorily establish that the police had probable cause to arrest the appellant. While the evidence established that crimes had been committed, the Family Court's finding that the evidence established that "[t]he facts and circumstances known to the arresting officer would have warranted a reasonable person, who possessed the same expertise as the officer, to conclude that" the appellant participated in those crimes (*Matter of Eric C.*, 281 AD2d 543, 544 [2001]), was against the weight of the evidence (*see Matter of Anthony W.*, 51 AD3d 808, 810 [2008]; *Matter of Tyrone P.*, 42 AD3d 170, 175 [2007]). Consequently, the fact-finding order must be vacated, the order of disposition reversed, and the petition dismissed. Dillon, J.P., Balkin, Belen and Sgroi, JJ., concur.