■ In the Matter of DANIELLE B., a Person Alleged to be a Juvenile Delinquent, Appellant. [941 NYS2d 685]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated August 2, 2011, which, upon a fact-finding order of the same court dated June 23, 2011, made after a hearing, finding that the appellant committed acts, which, if committed by an adult, would have constituted the crime of prostitution, adjudged her to be a juvenile delinquent and placed her in the custody of the New York State Office of Children and Family Services for a period of 12 months with credit for time spent in detention. The appeal brings up for review the fact-finding order dated June 23, 2011.

Ordered that the order of disposition is reversed, on the facts, without costs or disbursements, the fact-finding order is vacated, the petition is dismissed, and the matter is remitted to the Family Court, Queens County, for further proceedings pursuant to Family Court Act § 375.1.

The Family Court found that the appellant, who, at the club where she worked as a dancer, allegedly agreed to perform oral sex on an undercover police officer, committed acts which, if committed by an adult, would have constituted the crime of prostitution (*see* Penal Law § 230.00). On appeal, the appellant contends that the evidence was legally insufficient to support the fact-finding and that the fact-finding is against the weight

of the evidence. We disagree with her first contention, but we agree with her second.

To sustain a charge in a petition that a juvenile has committed acts which, if committed by an adult, would have constituted the crime of prostitution, the presentment agency must prove beyond a reasonable doubt that the juvenile has "engage[d] or agree[d] or offer[ed] to engage in sexual conduct with another person in return for a fee" (Penal Law § 230.00). When the presentment agency's case is based on an offer or agreement, rather than the completed act, there must be proof that the juvenile had the intent to follow through on the offer or agreement (*see People v A.S.*, 179 Misc 2d 569, 571 [1998]; *cf.* Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law art 220, at 22 [regarding necessary proof on offers or agreements to sell controlled substances]; *but see People v Polianskaia*, 189 Misc 2d 237, 242 [2001]).

The evidence supporting a fact-finding in a juvenile delinquency proceeding is legally sufficient if, viewing that evidence in the light most favorable to the presentment agency, any rational trier of fact could have found the appellant's commission of all the elements of the charged crimes beyond a reasonable doubt (*see Matter of Imani Mc.*, 78 AD3d 705, 706 [2010]; *Matter of Brooklyn B.*, 77 AD3d 934, 935 [2010]). Here, the evidence was legally sufficient to establish the elements of prostitution (*see People v A.S.*, 179 Misc 2d at 571).

In evaluating a contention that the evidence supporting a fact-finding at a juvenile delinquency proceeding is against the weight of the evidence, a court must first determine whether a different fact-finding would not have been unreasonable. If the court determines that a different finding would not have been unreasonable, it must then "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony . . . If it appears that the trier of fact has failed to give the evidence the weight it should be accorded, then the appellate court may set aside the verdict" (*People v Bleakley*, 69 NY2d 490, 495 [1987] [internal quotation marks and citations omitted]; *see Matter of Kalexis R.*, 85 AD3d 927, 928-929 [2011]; *Matter of Quamel D.*, 78 AD3d 1050, 1051-1052 [2010]; *cf. People v Delamota*, 18 NY3d 107, 116-117 [2011]). Nevertheless, in performing our weight of the evidence review, this Court accords great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor (*see Matter of Kalexis R.*, 85 AD3d at 928-929; *Matter of Macye Mc.*, 82 AD3d 892 [2011]; *Matter of Darnell C.*, 66 AD3d 771, 772 [2009]).

Here, even accepting the Family Court's credibility determination in its entirety, we find that any conclusion that the appellant intended to follow through on the alleged agreement was against the weight of the evidence. The officer testified that he told the appellant, in effect, that he wanted the appellant to engage in oral sex with him and that he had $100. In response, the appellant said "OK," but that it would have to be after she finished her shift at work. The appellant did not inform the officer as to when her shift ended, and they did not agree on where to meet. Moreover, the officer remained in the club for more than two hours after their conversation ended and, despite the appellant's presence as well, they never spoke again, and there is no evidence that the appellant otherwise communicated an intent to meet him after work during that period. Under these circumstances, although the evidence was legally sufficient, our weighing of the strength of the conflicting inferences convinces us that the fact-finding was against the weight of the evidence (*see Matter of Kalexis R.*, 85 AD3d at 928-929). Balkin, J.P., Leventhal, Roman and Sgroi, JJ., concur.