■ In the Matter of DARNELL G., a Person Alleged to be a Juvenile Delinquent, Appellant. [965 NYS2d 568]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Darnell G. appeals from an order of disposition of the Family Court, Queens County (Lubow, J.), dated April 16, 2012, which, upon a fact-finding order of the same court dated January 12, 2012, made after a hearing, finding that he committed acts which, if committed by an adult, would have constituted the crime of obstructing governmental administration in the second degree, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 12 months, less the period spent in detention pending disposition. The appeal brings up for review the fact-finding order dated January 12, 2012.

Ordered that the appeal from so much of the order of disposition as placed the appellant with the New York State Office of

Children and Family Services for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the appellant with the New York State Office of Children and Family Services for a period of 12 months has been rendered academic, as the period of placement has expired (see Matter of Stanley F., 76 AD3d 1067, 1068 [2010]; Matter of Vanna W., 45 AD3d 855, 856 [2007]; Matter of Sydney N., 42 AD3d 539, 540 [2007]; Matter of Christian M., 37 AD3d 834, 834 [2007]). However, because there may be collateral consequences resulting from the adjudication of delinquency, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent, and which brings up for review the fact-finding order, has not been rendered academic (see Family Ct Act § 783; Matter of Dorothy D., 49 NY2d 212 [1980]).

Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]; Matter of Starsha R., 96 AD3d 952, 952 [2012]; Matter of Ashley P., 74 AD3d 1075, 1075-1076 [2010]; Matter of Eddie J., 68 AD3d 870, 870 [2009]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts, which, if committed by an adult, would have constituted the crime of obstructing governmental administration in the second degree (see Penal Law § 195.05; Matter of Starsha R., 96 AD3d at 952; Matter of Stanley F., 76 AD3d at 1068; Matter of Darnell C., 305 AD2d 405, 406 [2003]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Danielle B., 94 AD3d 757, 758 [2012]; Matter of Quamel D., 78 AD3d 1050, 1051-1052 [2010]; cf. CPL 470.15 [5]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (see Matter of Danielle B., 94 AD3d at 758; Matter of Kalexis R., 85 AD3d 927, 928-929 [2011]; Matter of Macye Mc., 82 AD3d 892, 894 [2011]; Matter of Darnell C., 66 AD3d 771, 772 [2009]; cf. People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (see Family Ct Act § 342.2 [2]; Matter of Starsha R., 96 AD3d at 952; Matter of Stanley F., 76 AD3d at 1068; cf. People v Romero, 7 NY3d 633 [2006]). Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.