*1093 In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from (1) a fact-finding order of the Family Court, Queens County (Lubow, J.), dated December 2, 2011, which, after a hearing, found that the appellant committed acts which, if committed by an adult, would have constituted the crimes of unlawful imprisonment in the second degree and obstructing governmental administration in the second degree, and (2) an order of disposition of the same court dated January 25, 2012, which, upon the fact-finding order, and after a dispositional hearing, adjudged the appellant to be a juvenile delinquent, and conditionally placed him on probation for a period of 12 months.
Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
Ordered that the appeal from so much of the order of disposition as conditionally placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of probation has expired; and it is further,
Ordered that the order of disposition is modified, on the law, by deleting the provision thereof adjudicating the appellant a juvenile delinquent based upon the finding that he committed acts which, if committed by an adult, would have constituted the crime of unlawful imprisonment in the second degree, and substituting therefor a provision dismissing that count of the petition; as so modified, the order of disposition is affirmed insofar as reviewed, without costs or disbursements, and the fact-finding order is modified accordingly.
The appeal from so much of the order of disposition as conditionally placed the appellant on probation for a period of 12 months has been rendered academic, as the period of placement has expired (see Matter of Stanley F., 76 AD3d 1067, 1068 [2010]; Matter of Vanna W., 45 AD3d 855, 856 [2007]; Matter of Sydney N., 42 AD3d 539, 540 [2007]; Matter of Christian M., 37 AD3d 834, 834 [2007]). However, because there may be collateral consequences resulting from the adjudication of delinquency, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent and which brings up for review the fact-finding order has not been rendered academic (see Family Ct Act § 783; Matter of Dorothy D., 49 NY2d 212 [1980]).
*1094 Contrary to the presentment agency’s contention, the appellant’s challenges to the legal sufficiency of the evidence are preserved for appellate review, since the specific arguments he raises now were raised before the Family Court (see CPL 470.05 [21).
Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [19871; Matter of Starsha R., 96 AD3d 952, 952 [2012]; Matter of Ashley P., 74 AD3d 1075, 1075-1076 [2010]; Matter of Eddie J., 68 AD3d 870, 870 [2009]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts, which, if committed by an adult, would have constituted the crime of obstructing governmental administration in the second degree (see Penal Law § 195.05; Matter of Starsha R., 96 AD3d at 952; Matter of Stanley F., 76 AD3d at 1068; Matter of Darnell C., 305 AD2d 405, 406 [2003]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Danielle B., 94 AD3d 757, 758 [2012]; Matter of Quamel D., 78 AD3d 1050, 1051-1052 [2010]; cf. CPL 470.15 [5]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (see Matter of Danielle B., 94 AD3d at 758; Matter of Kalexis R., 85 AD3d 927, 928-929 [2011]; Matter of Macye Mc., 82 AD3d 892, 894 [2011]; Matter of Darnell C., 66 AD3d 771, 772 [2009]; cf. People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the Family Court’s fact-finding determination that the appellant committed acts, which, if committed by an adult, would have constituted the crime of obstructing governmental administration in the second degree, was not against the weight of the evidence (see Family Ct Act § 342.2 [2]; Matter of Starsha R., 96 AD3d at 952; Matter of Stanley F., 76 AD3d at 1068; cf. People v Romero, 7 NY3d 633 [2006]).
However, the evidence was legally insufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crime of unlawful imprisonment in the second degree (see Penal Law § 135.05). At the fact-finding hearing, the complaining witness testified that the appellant grabbed her by the waist and spun her around, and that, when she ordered him to release her, he immediately complied. This evidence was legally insufficient to establish, beyond a reasonable doubt, that the appellant “restricted] a person’s movements intentionally and *1095 unlawfully in such manner as to interfere substantially with [her] liberty by moving [her] from one place to another, or by confining [her] either in the place where the restriction commence [d] or in a place to which [s]he ha[d] been moved, without consent and with knowledge that the restriction [was] unlawful” (Penal Law § 135.00 [1]; see Penal Law § 135.05; compare Matter of Rashaun S., 46 AD3d 412, 412 [2007]; Matter of Darryl W., 24 AD3d 134, 135 [2005]). Accordingly, we must vacate so much of the order of disposition as adjudicated the appellant a juvenile delinquent based upon the finding that he committed acts which, if committed by an adult, would constitute the crime of unlawful imprisonment in the second degree and modify the fact-finding order accordingly. Skelos, J.E, Dillon, Dickerson and Chambers, JJ., concur.