In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Juan E appeals from an order of disposition of the Family Court, Kings County (Ambrosio, J), dated June 28, 2012, which, upon a fact-finding order of the same court dated March 20, 2012, made after a hearing, finding that he committed acts which, if committed by an adult, would have constituted the crimes of course of sexual conduct against a child in the first degree and endangering the welfare of a child, adjudged him to be a juvenile delinquent, and placed him on probation for a period of 18 months. The appeal from the order of disposition brings up for review the fact-finding order and the denial, after a hearing, of that branch of the appellant’s omnibus motion which was to suppress his statement to law enforcement officials.
Ordered that the order of disposition is affirmed, without costs or disbursements.
Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]; Matter of Thomas S., 26 AD3d 389 [2006]; cf. People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of course of sexual conduct against a child in the first degree and endangering the welfare of a child (see Matter of Thomas S., 26 AD3d at 390; Matter of Kryzstof K., 283 AD2d 431, 432 [2001]; Matter of George Omar-Saiid C., 272 AD2d 399 [2000]; Matter of Nikkia C., 187 AD2d 581, 582 [1992]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Danielle B., 94 AD3d 757, 758 [2012]; Matter of Quamel D., 78 AD3d 1050, 1051-1052 [2010]; cf. CPL 470.15 [5]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (see Matter of Danielle B., 94 AD3d at 758; Matter of Kalexis R., 85 AD3d 927, *1002 928-929 [2011]; Matter of Darnell C., 66 AD3d 771, 772 [2009]; cf. People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the Family Court’s fact-finding determination was not against the weight of the evidence (see Family Ct Act § 342.2 [2]). The minor inconsistencies in the complainant’s testimony did not render it incredible.
The appellant’s remaining contentions are without merit. Rivera, J.P., Leventhal, Sgroi and Cohen, JJ., concur.