■ In the Matter of SHAMIK M., a Person Alleged to be a Juvenile Delinquent, Appellant. [986 NYS2d 566]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Shamik M. appeals from an order of disposition of the Family Court, Kings County (Ambrosio, J.), dated April 1, 2013, which, upon an order of fact-finding of the same court (Toussaint, J.) dated November 30, 2012, made after a hearing, finding that he committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the second degree and criminal possession of a weapon in the fourth degree, adjudged him to be a juvenile delinquent and placed him on probation until his 18th birthday. The appeal brings up for review the fact-finding order dated November 30, 2012.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation until his 18th birthday is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is reversed insofar as reviewed, on the facts, without costs or disbursements, the fact-finding order is vacated, the petition is dismissed, and the matter is remitted to the Family Court, Kings County, for further proceedings pursuant to Family Court Act § 375.1.

The appeal from so much of the order of disposition as placed the appellant on probation until his 18th birthday has been rendered academic, as the period of placement has expired (see Matter of Justin D., 114 AD3d 941 [2014]; Matter of Kaseem R., 113 AD3d 779, 779-780 [2014]; Matter of Stanley F., 76 AD3d 1067, 1068 [2010]). However, since there may be collateral consequences resulting from the adjudication of delinquency, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent, and which brings up for review the fact-finding order, has not been rendered academic (see Family Ct Act § 783; Matter of Dorothy D., 49 NY2d 212 [1980]).

The appellant was adjudicated a juvenile delinquent on the basis of the Family Court's finding that he committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]). The appellant contends that the fact-finding is against the weight of the evidence.

In evaluating a contention that the evidence supporting a fact-finding at a juvenile delinquency proceeding is against the weight of the evidence, this Court first determines whether a different fact-finding would not have been unreasonable. If, based on all of the credible evidence, a different finding would not have been unreasonable, this Court will then "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Bleakley*, 69 NY2d 490, 495 [1987] [internal quotation marks and citations omitted]; *see Matter of Danielle B.*, 94 AD3d 757, 758 [2012]; *Matter of Kalexis R.*, 85 AD3d 927, 928-929 [2011]; *Matter of Quamel D.*, 78 AD3d 1050, 1051-1052 [2010]). In performing our weight of the evidence review, we accord great deference to the opportunity of the fact-finder to view the witnesses, hear their testimony, and observe their demeanor (*see Matter of Justin D.*, 114 AD3d 941 [2014]; *Matter of Travis A.*, 105 AD3d 1041, 1041-1042 [2013]; *Matter of Danielle B.*, 94 AD3d at 758; *Matter of Kalexis R.*, 85 AD3d at 928-929; *Matter of Macye Mc.*, 82 AD3d 892, 894 [2011]).

Here, two police officers testified at the fact-finding hearing that, on the night of April 9, 2011, they observed the appellant remove a firearm from his waistband, toss it on the ground, and flee the scene. However, the credibility of one of those officers, Police Officer Michael Burbridge, was seriously called into question by his testimony on cross-examination. On cross-examination, Officer Burbridge admitted that a jury in a federal civil lawsuit found him liable for, inter alia, false arrest and malicious prosecution. That case was commenced against Officer Burbridge in connection with an arrest he made in 2008, where Officer Burbridge claimed that he observed the man remove a gun from his waistband and throw it into the street. The man contended that Officer Burbridge and the other officer involved were lying, and that it was his companion who discarded the gun (*see Marshall v Randall*, 719 F3d 113 [2d Cir 2013]; *Marshall v City of New York*, 2011 US Dist LEXIS 138038 [ED NY, Nov. 30, 2011, No. 10-CV-2714]). The appellant's counsel also elicited testimony from Officer Burbridge detailing his Internal Affairs Bureau complaint history.

In addition, the appellant presented evidence at the fact-finding hearing indicating that another individual, rather than the appellant, threw the weapon recovered by Officer Burbridge. This evidence included the appellant's own testimony and a radio run that corroborated the appellant's version of events. Moreover, the evidence demonstrates that both police officers who testified on behalf of the presentment agency only observed

the individual who possessed the firearm for a few moments before that individual fled the scene. Based on the foregoing, we find that the Family Court's fact-finding was against the weight of the evidence.

Accordingly, we reverse the order of disposition insofar as reviewed, vacate the fact-finding order, dismiss the petition, and remit the matter to the Family Court, Kings County, for further proceedings pursuant to Family Court Act § 375.1. Dillon, J.P., Leventhal, Sgroi and Maltese, JJ., concur.