■ In the Matter of JONATHAN E., a Person Alleged to be a Juvenile Delinquent, Appellant. [989 NYS2d 876]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Jonathan E. appeals from an order of disposition of the Family Court, Kings County (McElrath, J.), dated June 10, 2013, which, upon a fact-finding order of the same court dated March 22, 2013, made after a hearing, finding that he committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a controlled substance in the fifth degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months. The appeal from the order of disposition brings up for review the fact-finding order.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months has been rendered academic, as the period of placement has expired (*see Matter of Rasean B.*, 7 AD3d 520 [2004]). However, since there may be collateral consequences resulting from the adjudication of delinquency, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent, and which brings up for review the fact-finding order, has not been rendered academic (*see* Family Ct Act § 783; *Matter of Dorothy D.*, 49 NY2d 212 [1980]).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *cf. People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crime of criminal possession of a controlled substance in the fifth degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Hasan C.*, 59 AD3d 617, 617-618 [2009]; *cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the

testimony, and observe demeanor (*see Matter of Ashley P.*, 74 AD3d 1075, 1076 [2010]; *cf. People v Mateo*, 2 NY3d 383, 410 [2004]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see Matter of Ashley P.*, 74 AD3d at 1076; *cf. People v Romero*, 7 NY3d 633 [2006]). Rivera, J.P., Roman, Sgroi and LaSalle, JJ., concur.