■ In the Matter of SHANNEL P., a Person Alleged to be a Juvenile Delinquent, Appellant. [27 NYS3d 195]—

Appeals from (1) an order of disposition of the Family Court, Queens County (John M. Hunt, J.), dated April 29, 2014, and

(2) an order of that court dated April 28, 2014. The order of disposition adjudicated Shannel P. a juvenile delinquent and placed her on probation for a period of 12 months. The appeal from the order of disposition brings up for review an order of fact-finding of that court dated January 30, 2014, which, after a hearing, found that she had committed acts which, if committed by an adult, would have constituted the crimes of aggravated cruelty to animals, in violation of Agriculture and Markets Law § 353-a (1), and overdriving, torturing, and injuring animals in violation of Agriculture and Markets Law § 353. The order dated April 28, 2014 denied Shannel P.'s motion pursuant to Family Court Act §§ 355.1 and 315.2 to vacate the order of fact-finding dated January 30, 2014, and to dismiss the petition.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is reversed insofar as reviewed, on the facts, without costs or disbursements, the fact-finding order is vacated, the petition is dismissed, and the matter is remitted to the Family Court, Queens County, for further proceedings pursuant to Family Court Act § 375.1; and it is further,

Ordered that the order dated April 28, 2014 is vacated, without costs or disbursements, and the appeal from that order is dismissed as academic in light of our determination on the appeal from the order of disposition.

The appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months has been rendered academic, as the period of placement has expired (*see Matter of Jonathan E.*, 119 AD3d 943 [2014]). However, since there may be collateral consequences resulting from the adjudication of delinquency, the appeal from so much of the order of disposition as adjudged the appellant to be a juvenile delinquent has not been rendered academic (*see* Family Ct Act § 783; *Matter of Jonathan E.*, 119 AD3d 943 [2014]).

The appellant was adjudicated a juvenile delinquent on the basis of the Family Court's finding that she committed acts which, if committed by an adult, would have constituted the crimes of aggravated cruelty to animals in violation of Agriculture and Markets Law § 353-a (1), and overdriving, torturing, and injuring animals in violation of Agriculture and Markets Law § 353. The appellant contends, among other things, that the findings of the Family Court were against the weight of the evidence.

In conducting our weight of the evidence review, we have a responsibility to affirmatively review the record; independently assess all of the proof; substitute our own credibility determinations for those made by the Family Court in an appropriate case; determine whether the Family Court's determination was factually correct; and acquit the appellant if we are not convinced that the Family Court's adjudication of the appellant as a juvenile delinquent was proven beyond a reasonable doubt (see *People v Delamota*, 18 NY3d 107, 116-117 [2011]; *Matter of Danielle B.*, 94 AD3d 757, 758 [2012]). We must "weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (*People v Danielson*, 9 NY3d 342, 348 [2007]). In weighing the conflicting testimony in a single-witness identification case, as here, we must independently consider, among other things, the truthfulness and reliability of the identification testimony (see *People v Daniels*, 88 AD2d 392, 400 [1982]; see also CJI2d[NY] Identification).

At the fact-finding hearing, the presentment agency called a witness who testified that she observed the then 12-year-old appellant toss a kitten underneath the wheels of an oncoming vehicle. She was the only witness who identified the appellant as the perpetrator, and her identification was not corroborated by any other evidence in the record.

However, the reliability of the witness's identification of the appellant was called into doubt by several factors. An examination of her testimony reveals that the witness had only a limited opportunity and ability to observe the perpetrator because the incident occurred over a relatively short period of time, and there was a distance of a minimum of 10 feet between the witness and the perpetrator during their interaction. The witness was also admittedly excited and upset during the incident. In addition, the witness's description of the perpetrator lacked specificity, and did not include body shape, height, weight, facial features, skin tone, accent, or any distinctive characteristics. We further note that the incident occurred in the late afternoon near the time that students were being released from several neighborhood schools, that the perpetrator was dressed in a school uniform similar in type to the uniforms worn by students at those schools, and that the witness's description of the school uniform worn by the perpetrator did not match the appellant's school uniform. Under these circumstances, the witness's identification of the appellant was not convincing when balanced against the substantial evidence submitted by the appellant in her own defense.

In her own defense, the appellant denied any involvement. Her testimony was corroborated by objective evidence in the record, including that her school uniform did not match the perpetrator's uniform as described by the witness. In addition, although the witness testified that the perpetrator was accompanied by several friends at the time of the incident, the appellant testified that she walked home from school by herself every day. The appellant's testimony in this regard was consistent with the fact that she was stopped the following day by an investigator as she was walking home alone. She also presented the testimony of the assistant principal of her school, a disinterested witness, who testified that the appellant was always compliant with the dress code, which required her to wear pants of a color different from those worn by the perpetrator. The assistant principal further testified that the appellant's reputation among her teachers was that of an "obedient and peaceful" student who was "never in trouble." The appellant's babysitter and mother further attested to her good character.

Based upon all the credible evidence, a different fact-finding would not have been unreasonable. Weighing the relative probative force of the witness's testimony against the appellant's witnesses' testimony, and the relative strength of conflicting inferences that may be drawn from the testimony, we find that the Family Court's fact-finding determination was against the weight of the evidence (see Matter of Shamik M., 117 AD3d 1056, 1057 [2014], citing People v Bleakley, 69 NY2d 490, 495 [1987]; see also Matter of Danielle B., 94 AD3d at 758; Matter of Kalexis R., 85 AD3d 927, 928-929 [2011]; Matter of Quamel D., 78 AD3d 1050, 1051-1052 [2010]).

The appellant's remaining contention, raised in point II of her brief, is without merit. Dickerson, Hinds-Radix and Barros, JJ., concur.

Rivera, J.P., concurs in part and dissents in part, and votes to dismiss the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months, affirm the order of disposition insofar as reviewed, and affirm the order dated April 28, 2014, with the following memorandum: For the reasons that follow, I would affirm the order of disposition insofar as reviewed and affirm the order dated April 28, 2014.

On October 21, 2013, the presentment agency filed a petition alleging that the appellant, who was then 12 years old, had committed acts which, if committed by an adult, would have constituted the crimes of aggravated cruelty to animals in

violation of Agriculture and Markets Law § 353-a (1), and overdriving, torturing, and injuring animals in violation of Agriculture and Markets Law § 353.

At a fact-finding hearing, the presentment agency presented, inter alia, the testimony of an eyewitness. The eyewitness testified that, on September 11, 2013, at approximately 3:20 p.m. to 3:25 p.m., she observed the appellant throwing into the air a grey kitten, later identified as a five-month old kitten named "Little Old Man." As a vehicle proceeding at a "good speed" approached, the witness observed the appellant throw the kitten underneath the vehicle, where it was "immediate[ly]" crushed to death. At the time that the appellant threw the kitten under the vehicle, there were no other individuals present with the appellant.

Upon observing this conduct, the witness confronted the appellant. The witness and the appellant engaged in a heated verbal exchange. During their verbal interaction, the witness stood approximately 10 feet away from the appellant. Thereafter, she continued to follow the appellant as the appellant walked away. The witness stated that the appellant turned around and stated to her, "You like what you see, You like what you see, Keep watching, Take a picture, it lasts longer." The witness estimated that approximately five minutes elapsed from the time that she initially observed the appellant tossing the kitten to when the appellant walked away. During that time, the witness did not lose sight of the appellant.

The following day, the witness returned to the area of the incident with an investigator from the American Society for the Prevention of Cruelty to Animals. On that day, she identified the appellant as the youth who committed the subject acts against the kitten. The witness testified, "I saw her profile and then when we got ahead of her I saw her face and I knew a hundred fifty percent it was her."

On her own behalf, the appellant presented the testimony of the assistant principal of her school, who testified that the appellant was not known to have disciplinary problems in school. Further, the appellant's babysitter testified, among other things, that the appellant "always" arrived home from school at approximately 3:30 p.m. The appellant's mother testified that, on September 11, 2013, at 3:37 p.m., she received a telephone call from the appellant. Finally, the appellant herself testified to the effect that she would never hurt any animal.

Following the fact-finding hearing, the Family Court found that the appellant committed acts which, if committed by an adult, would have constituted the crimes enumerated in the

petition. Thereafter, the appellant moved pursuant to Family Court Act §§ 315.2 and 355.1 to vacate the fact-finding order and to dismiss the petition in the interest of justice. In an order dated April 28, 2014, the court denied the motion. The court concluded that the presentment agency's evidence established that the appellant "deliberately" placed the kitten in front of oncoming vehicular traffic and found that the appellant's identity as the perpetrator was established beyond a reasonable doubt. In an order of disposition dated April 29, 2014, the Family Court adjudged the appellant to be a juvenile delinquent and placed her on probation for a period of 12 months.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]), I find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of aggravated cruelty to animals, in violation of Agriculture and Markets Law § 353-a (1), and overdriving, torturing, and injuring animals in violation of Agriculture and Markets Law § 353. Moreover, contrary to the determination of my colleagues in the majority, in fulfilling my responsibility to conduct an independent review of the weight of the evidence (*see Matter of Tevin K.*, 127 AD3d 1090, 1091 [2015]; *Matter of Dashawn R.*, 120 AD3d 1250, 1251 [2014]; *Matter of Kaseem R.*, 113 AD3d 779, 780 [2014]; *cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), I nevertheless accord great deference to the opportunity of the factfinder to view the witnesses, hear the testimony, and observe the demeanor (*cf. People v Mateo*, 2 NY3d 383, 410 [2004]). Upon reviewing the record, I am satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *Matter of Darnell C.*, 66 AD3d 771, 772 [2009]; *cf. People v Romero*, 7 NY3d 633, 644-645 [2006]).

Here, a disinterested witness with absolutely no motive to lie consistently and credibly testified that she observed the appellant commit the subject acts against the kitten. Contrary to the finding of my colleagues in the majority, as discussed above, the witness's opportunity and ability to observe the appellant were not limited. During the course of the subject events, which occurred in daylight, the witness had an unobstructed view of the appellant. She had ample opportunity to observe the appellant as the appellant tossed the kitten up in the air and then under the moving vehicle. The witness and the appellant were facing each other during the verbal exchange after the kitten's

demise. This encounter provided another occasion for the witness to observe the appellant's facial features and demeanor. Further, the witness watched as the appellant walked down the block and turned around to address additional remarks to her. She estimated that five minutes elapsed from when she initially observed the appellant toss the kitten in the air until the appellant walked away. Significantly, throughout her testimony, the witness remained steadfast with regard to her certainty that the appellant was the youth whom she observed throw the kitten under the moving vehicle.

The witness's strong identification testimony, which was fully credited by the Family Court, was not undermined by the self-serving evidence offered on the appellant's behalf by her witnesses. The Family Court's credibility determinations should not be disturbed unless clearly unsupported by the record (*see Matter of Darnell G.*, 125 AD3d 969 [2015]; *Matter of Christopher H.*, 123 AD3d 713, 714 [2014]). Upon reviewing the record, I am satisfied that the determinations of the Family Court were not against the weight of the evidence and I discern no basis upon which to disturb the Family Court's determinations.

The appellant's remaining contentions are without merit.