■ In the Matter of JORDAN R., a Person Alleged to be a Juvenile Delinquent, Appellant. [30 NYS3d 831]—Appeal from an order of disposition of the Family Court, Suffolk County

(Deborah Poulos, J.), dated October 9, 2014. The order adjudicated Jordan R. a juvenile delinquent, upon a fact-finding determination, made after a hearing, that he committed acts which, if committed by an adult, would have constituted the crime of criminal sexual act in the first degree (two counts), and placed him on probation for a period of two years.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the pre-sentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crime of criminal sexual act in the first degree (two counts) (*see* Penal Law §§ 130.50 [3]; *see also* 130.00 [2] [a]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Danielle B.*, 94 AD3d 757, 758 [2012]; *cf.* CPL 470.15 [5]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Danielle B.*, 94 AD3d at 758; *cf. People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; Penal Law § 130.50 [3]; *Matter of Danielle B.*, 94 AD3d at 758; *cf. People v Romero*, 7 NY3d 633 [2006]).

With respect to the appellant's claim of ineffective assistance of counsel, it is not evident from the matter appearing on the record that the appellant was deprived of the effective as-sistance of counsel (*cf. People v Crump*, 53 NY2d 824, 825 [1981]). To the extent that his claim rests in part on matter outside the record, we are unable to review his claim in its entirety on this appeal (*cf. People v Maxwell*, 89 AD3d 1108, 1109 [2011]). Chambers, J.P., Dickerson, Hinds-Radix and Con-nolly, JJ., concur.