People v Hernandez-Beltre (2018 NY Slip Op 00307)





People v Hernandez-Beltre


2018 NY Slip Op 00307


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
BETSY BARROS, JJ.


2014-01017
 (Ind. No. 1903/10)

[*1]The People of the State of New York, respondent,
v
Spencer Hernandez-Beltre, appellant.


Paul Skip Laisure, New York, NY (William Kastin of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (Robert J. Masters, John M. Castellano, Johnnette Traill, and Christopher J. Blira-Koessler of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Margulis, J.), rendered January 8, 2014, as amended January 14, 2014, convicting him of criminal sexual act in the first degree (two counts), rape in the first degree, attempted rape in the first degree, robbery in the second degree, assault in the second degree, sexual abuse in the first degree (two counts), unlawful imprisonment in the second degree, and incest in the third degree (three counts), after a nonjury trial, and imposing sentence.
ORDERED that the judgment, as amended, is reversed, on the facts, and the matter is remitted to the Supreme Court, Queens County, for the issuance of an examination order pursuant to CPL 330.20, and further proceedings thereafter.
In July 2010, the then-19-year-old defendant sexually assaulted and raped his mother. The defendant asserted the affirmative defense of lack of criminal responsibility by reason of mental disease or defect (Penal Law § 40.15). After a nonjury trial, the Supreme Court determined that the defendant did not meet his burden of establishing the affirmative defense by a preponderance of the evidence, and convicted the defendant of criminal sexual act in the first degree (two counts), rape in the first degree, attempted rape in the first degree, robbery in the second degree, assault in the second degree, sexual abuse in the first degree (two counts), unlawful imprisonment in the second degree, and incest in the third degree (three counts).
In support of his affirmative defense, the defendant relied upon, inter alia, the expert testimony of a board-certified forensic psychiatrist who has conducted thousands of forensic examinations over a career spanning more than 30 years. He evaluated the defendant, reviewed the defendant's psychiatric history and records, and also reviewed witness accounts of the defendant's behavior before, during, and after the incident. The defense expert opined that the defendant suffered from a psychotic disorder, and that because of such psychotic disorder, the defendant lacked the substantial capacity to know the nature and consequences of what he was doing, and lacked the substantial capacity to know or appreciate at the time of the incident that his conduct was wrong.
To rebut the defense expert's testimony, the People called a clinical [*2]neuropsychologist whose practice focused on the study and treatment of epilepsy, and patients suffering from concussions, stroke, and dementia. While the expert had testified in criminal proceedings on prior occasions, he acknowledged that he was not board-certified in forensic psychology. Upon performing his own evaluation of the defendant, and reviewing the defendant's psychiatric records and witness accounts, the prosecution expert agreed with the defense expert that the defendant was under the influence of a psychotic disorder at the time of the incident, and that the symptoms of such psychotic disorder include loss of reality, hallucinations, delusions, impaired thinking, and impulsive behavior.
The prosecution expert opined that the defendant's psychotic disorder did not "materially affect his ability to know that he was performing a sexual assault on his own mother or his ability to know that doing such an act was wrong." He opined that the defendant exhibited "goal-directed activity," and that the defendant's anger "contributed to this rape." He stated that it was possible for someone to be "out of touch with reality and yet still have more than a surface knowledge that what they are doing is either against the law or against common morality." He concluded that the defendant had the "capacity to understand the nature and consequences of his actions and to know that they're wrong."
In contrast, the defense expert opined that the defendant had "some thought that what he was doing was wrong," but that "in the context of his delusional beliefs, disorganized thinking, religious preoccupation, and his hallucinatory state . . . the thought resulted in no more than a surface awareness, without depth or emotional significance" (see generally People v Adams, 26 NY2d 129). Although the defendant exhibited goal-directed behavior during the incident, the defense expert opined that, since the defendant was under the overwhelming influence of a delusion, he still lacked the substantial capacity to know the nature and consequences of the conduct and that it was wrong. The defense expert also disagreed with the prosecution expert that the defendant was motivated by anger toward his mother, as opposed to being under the overwhelming influence of a psychotic disorder.
"Upon [a] defendant's request, the Appellate Division must conduct a weight of the evidence review and, thus, a defendant will be given one appellate review of adverse factual findings" (People v Joyner, 126 AD3d 1002, 1005 [internal quotation marks omitted]; see People v Danielson, 9 NY3d 342, 348). A weight of the evidence review requires this Court to affirmatively review the record; independently assess all of the proof; substitute its own credibility determinations for those made by the trier of fact in an appropriate case; determine whether the verdict was factually correct; and acquit a defendant if the court is not convinced that the trier of fact was justified in finding that guilt was proven beyond a reasonable doubt (see People v Delamota, 18 NY3d 107, 116-117; People v Danielson, 9 NY3d at 348; Matter of Shannel P., 137 AD3d 1039, 1041).
In conducting our weight of the evidence review where a defendant relies solely upon the affirmative defense of mental disease or defect, we first determine whether a finding of not responsible by reason of mental disease or defect would have been reasonable. If we answer that question in the affirmative, then we must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence, and evaluate the strength of such conclusions in order to decide whether the defendant met his burden of proving the affirmative defense of mental disease or defect by the preponderance of evidence (see People v Danielson, 9 NY3d at 348; People v Joyner, 126 AD3d at 1005; People v Curry, 112 AD3d 843, 844; see also Penal Law §§ 25.00[2]; 40.15; People v Kohl, 72 NY2d 191).
Given the conflicting expert opinions, as well as the witness testimony and psychiatric records, a finding of not responsible by reason of mental disease or defect would have been reasonable. Weighing the opinion of the defense expert, who was an experienced forensic psychiatrist, against the opinion of the prosecution expert, a clinical neuropsychologist with limited experience in forensics, the defense expert's opinion was more convincing, and entitled to more weight. The defense expert's opinion better accounted for the witnesses' testimony regarding their observations of the defendant's increasingly bizarre behavior and onset of mental illness which began to exhibit itself just weeks before the incident, and continued during and after the incident [*3]until the defendant was hospitalized for psychiatric treatment. The defense expert's opinion was further corroborated by the defendant's subsequent psychiatric diagnosis and history. Contrary to the Supreme Court's determination, we find that the defendant met his burden of proving the affirmative defense of mental disease or defect by the preponderance of evidence.
In light of our determination, we need not reach the defendant's remaining contentions.
Accordingly, we reverse the judgment, as amended, and remit the matter to the Supreme Court, Queens County, for the issuance of an examination order pursuant to CPL 330.20, and further proceedings thereafter.
HALL, J.P., ROMAN, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court