■ In the Matter of SHANITA V., a Person Alleged to be a Juvenile Delinquent, Appellant. [776 NYS2d 875]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) a fact-finding order of the Family Court, Queens County (Lubow, J.), dated October 2, 2002, which, after a hearing, found that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of stolen property in the fifth degree and petit larceny, and (2) an order of disposition of the same court dated April 29, 2003, which, upon the fact-finding order, adjudged her to be a juvenile delinquent and placed her with the New York State Office of Children and Family Services for a period of 12 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 12 months is dismissed as academic, as the period of placement has expired (*see Matter of Wanji W.*, 305 AD2d 690 [2003]), and as, in any event, since the appellant consented to the terms of the disposition, she was not aggrieved thereby (*see Matter of Stevenson J.*, 306 AD2d 412, 413 [2003]; *Matter of Nicole G.*, 274 AD2d 478, 479 [2000]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of Rasean B.*, 7 AD3d 520 [2004];

*Matter of Joseph J.,* 205 AD2d 776, 777 [1994]; *cf. People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed acts, which, if committed by an adult, would have constituted the crimes of criminal possession of stolen property in the fifth degree (*see* Penal Law § 165.40) and petit larceny (*see* Penal Law § 155.25). Moreover, upon the exercise of our factual review power, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see Matter of Kevin M.,* 6 AD3d 616 [2004]; *Matter of Edwin B.,* 266 AD2d 210 [1999]; *cf.* CPL 470.15 [5]). Ritter, J.P., Townes, Mastro and Skelos, JJ., concur.