■ In the Matter of MARLENE B., a Person Alleged to be a Juvenile Delinquent, Appellant. [784 NYS2d 388]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Weinstein, J.), dated October 20, 2003, which, upon a fact-finding order of the same court dated September 15, 2003, made after a hearing, finding, inter alia, that the appellant had committed an act which, if committed by an adult, would have constituted the crime of attempted assault in the third degree, adjudged her to be a juvenile delinquent and, upon her consent, placed her with the New York State Office of Children and Family Services for a period of up to 12 months, less the time spent in detention pending disposition. The appeal brings up for review the fact-finding order dated September 15, 2003.

Ordered that the appeal from so much of the order of disposition as placed the appellant with the New York State Office of Children and Family Services for a period of up to 12 months, less the time spent in detention is dismissed, as no appeal lies from an order entered upon consent and the period of placement has expired; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 12 months has been rendered academic, as the period of placement has expired (*see Matter of Paul C.*, 5 AD3d 592 [2004]). However, because there may be collateral consequences resulting from the adjudication of delinquency, that portion of the appeal which brings up for review the fact-finding order is not academic (*see* Family Ct Act § 783; *Matter of Dorothy D.*, 49 NY2d 212 [1980]; *Matter of Ricky A.*, 11 AD3d 532 [2004]).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *cf. People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed an act which, if committed by an adult, would have constituted the crime of attempted assault in the third degree (*see* Family Ct Act § 342.2 [2]; Penal Law §§ 110.00, 120.00 [1]; *Matter of Eric C.*, 281 AD2d 543, 544 [2001]; *Matter of Marcel F.*, 233 AD2d 442 [1996]).

Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented are to be determined by the trier of fact, who had an opportunity to see and hear the witnesses (*see Matter of James B.*, 262 AD2d 480, 481 [1999]). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*see id.*). Smith, J.P., H. Miller, Crane and Spolzino, JJ., concur.