■ In the Matter of DOMINIQUE R., a Person Alleged to be a Juvenile Delinquent, Appellant. [814 NYS2d 727]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) an order of the Family Court, Kings County (Hepner, J.), dated August 25, 2004, which denied the appellant's motion to dismiss the petition, (2) an order of the same court (Chun, J.), dated March 9, 2005, which, after a hearing, denied the appellant's motion to suppress oral and written statements made by her to a law enforcement official, (3) a fact-finding order of the same court dated March 23, 2005, which found that the appellant committed an act which, if committed by an adult, would have constituted the crime of sexual abuse in the first degree, and adjudicated her a juvenile delinquent, and (4) an order of disposition of the same court dated May 9, 2005, which placed the appellant on probation for a period of 12 months.

Ordered that the appeals from the orders dated August 25, 2004 and March 9, 2005, and the fact-finding order dated March 23, 2005, are dismissed, without costs or disbursements, as those orders were superseded by the order of disposition dated May 9, 2005; and it is further,

Ordered that the order of disposition dated May 9, 2005 is affirmed, without costs or disbursements.

A juvenile must be given *Miranda* warnings (*see Miranda v*

*Arizona,* 384 US 436 [1966]) before being questioned by police during a custodial interrogation (*see* Family Ct Act § 305.2 [7]; *see also Matter of Kwok T.,* 43 NY2d 213 [1977]). The presentment agency presented the testimony of a detective that he gave the required warnings to the appellant before questioning her. Both the appellant and her caseworker testified that the detective did not issue the warnings until after the appellant confessed.

The Court of Appeals has held that "much weight must be accorded the determination of the suppression court with its peculiar advantages of having seen and heard the witnesses" (*People v Prochilo,* 41 NY2d 759, 761 [1977]; *see Matter of Jason Z.,* 19 AD3d 702 [2005]; *Matter of Marlene B.,* 12 AD3d 596 [2004]; *Matter of James B.,* 262 AD2d 480, 481 [1999]). "[T]he fact findings of a suppression court are entitled to great deference and should not be disturbed unless clearly erroneous" (*People v Morales,* 210 AD2d 173 [1994]; *see People v Prochilo, supra*). The Family Court's decision to credit the testimony of the detective over that of the appellant and her caseworker is supported by the record. Therefore, the Family Court properly denied the appellant's motion to suppress the confession.

In view of the foregoing, we do not reach the appellant's remaining contentions. Schmidt, J.P., Skelos, Lunn and Dillon, JJ., concur.