■ In the Matter of DAVID FRANKLIN M., a Person Alleged to be a Juvenile Delinquent, Appellant. [845 NYS2d 812]—

In related juvenile delinquency proceedings pursuant to Family Court Act article 3, the appeals are from (1) an order of disposition of the Family Court, Queens County (Lubow, J.), under docket No. D-21535-05, dated September 20, 2006, which upon a fact-finding order of the same court dated June 19, 2006, made after a hearing, finding that the appellant had committed acts, which if committed by an adult, would have constituted the crimes of resisting arrest and obstruction of governmental administration in the second degree, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 12 months for placement with Leake and Watts, and (2) an order of the same court, under docket No. D-11587-05/06, also dated September 20, 2006, which found that the appellant violated a condition of a term of probation previously imposed by the same court in an order of disposition dated November 2, 2005, vacated that order of disposition and placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 12 months for placement with Leake and Watts. The appeal from the order of disposition under docket No. D-21535-05 brings up for review the fact-finding order dated June 19, 2006.

Ordered that the appeals from so much of the orders as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 12 months for placement with Leak and Watts are dismissed as academic, without costs or disbursements, as the period of placement has expired (*see Matter of Shanita V.,* 7 AD3d 804 [2004]); and it is further,

Ordered that the orders are affirmed insofar as reviewed, without costs or disbursements.

Contrary to the appellant's contention, the arresting officers' testimony under docket No. D-21535-05 was not self-contradictory. Moreover, under the circumstances of this case, the court's refusal to admit as impeachment evidence two reports written by the officers which omitted certain details to which the officers testified at the fact-finding hearing does not warrant reversal. The reports were properly viewed "as simply . . . more abbreviated account[s] of the incident than the testimony" (*People v Nazario,* 235 AD2d 435, 436 [1997]).

There is no merit to the appellant's challenge to the order issued under docket No. D-11587-05/06B. Rivera, J.P., Skelos, Fisher and Angiolillo, JJ., concur.