■ In the Matter of BRIONA T.G., a Person Alleged to be a Juvenile Delinquent, Appellant. [849 NYS2d 780]—In a juvenile de-

linquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) a fact-finding order of the Family Court, Queens County (Hunt, J.), dated June 26, 2006, which, after a hearing, found that the appellant committed acts which, if committed by an adult, would have constituted the crimes of grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree, and (2) an order of disposition of the same court dated July 18, 2006, which, upon the fact-finding order, adjudged her to be a juvenile delinquent and placed her on probation for a period of 18 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition (*see Matter of Shanita V.,* 7 AD3d 804 [2004]); and it is further,

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 18 months is dismissed as academic, without costs or disbursements, as the period of probation has expired (*see Matter of David Franklin M.,* 45 AD3d 596 [2007]; *Matter of Marlene B.,* 12 AD3d 596 [2004]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Viewing the evidence adduced at the fact-finding hearing in the light most favorable to the Presentment Agency (*see Matter of David H.,* 69 NY2d 792, 793 [1987]; *Matter of Shariff A.,* 28 AD3d 546, 547 [2006]; *Matter of Darnell S.,* 300 AD2d 666 [2002]; *Matter of William A.,* 219 AD2d 494, 495 [1995]), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree (*see Matter of Roshanda D.,* 23 AD3d 155 [2005]; *Matter of Shanita V.,* 7 AD3d at 804, 805; *Matter of Juan Q.,* 260 AD2d 325, 326 [1999]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the trier of facts, who saw and heard the witnesses (*see Matter of Carliph T.,* 26 AD3d 440, 440-441 [2006]; *Matter of Thomas S.,* 26 AD3d 389, 390 [2006]; *Matter of Jabari W.,* 18 AD3d 767, 768 [2005]). Its credibility assessment should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see Matter of Steven L.,* 21 AD3d 962, 963 [2005]; *Matter of James B.,* 262 AD2d 480, 481 [1999]; *Matter of Jeffrey C.,* 239 AD2d 413, 414 [1997]). Upon the exercise of our factual review power, we are satisfied that the Family Court's fact-finding determination was not

against the weight of the evidence (see Family Ct Act § 342.2 [2]; *Matter of Anthony S.,* 305 AD2d 689, 690 [2003]; *cf.* CPL 470.15 [5]). Prudenti, P.J., Crane, Fisher and McCarthy, JJ., concur.