In the Matter of DASHAWN R., a Person Alleged to be a Juvenile Delinquent, Appellant. [992 NYS2d 122]—

---

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Dashawn R. appeals from an order of disposition of the Family Court, Kings County (Ambrosio, J.), dated September 4, 2013, which, upon an order of fact-finding of the same court (McElrath, J.), dated July 2, 2013, finding that he committed acts which, if committed by an adult, would constitute the crimes of robbery in the second degree, assault in the second degree, grand larceny in the fourth degree, assault in the third degree, and criminal possession of stolen property in the fifth degree, adjudged him to be a juvenile delinquent, and placed him on probation for a period of 18 months. The appeal brings up for review the order of fact-finding and the denial, after a hearing (Ambrosio, J.), of those branches of the appellant's motion which were to suppress identification testimony and his statements to law enforcement officials.

Ordered that the order of disposition is modified, on the law, by deleting the provision thereof reciting that count 2 is "Covered by Penal Law 160.10 01 CF," and substituting therefor a provision reciting that count 2 is withdrawn; as so modified, the order of disposition is affirmed, without costs or disbursements, and the order of fact-finding is modified accordingly.

The appellant contends, and the presentment agency agrees, that the order of fact-finding and order of disposition inaccurately describe the disposition of count 2 (acts which, if committed by an adult, would constitute the crime of attempted robbery in the second degree). Accordingly, the order of fact-finding and order of disposition are modified to indicate that count 2 was withdrawn by the presentment agency.

The Family Court properly declined to suppress the appellant's statements to law enforcement officials (see Family Ct Act § 344.2). The hearing evidence demonstrated that the arresting detective properly placed the appellant in a designated juvenile

room in a police station prior to questioning (*see* 22 NYCRR 205.20 [d]; *Matter of Javier L.*, 272 AD2d 474 [2000]). The appellant, in the presence of his mother, was given the proper *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]), and they indicated that they understood those rights. Nonetheless, the appellant agreed to answer questions posed by law enforcement officials (*see* Family Ct Act § 305.2 [7], [8]; *Matter of Dominique R.*, 29 AD3d 702 [2006]; *Matter of Michael L.*, 285 AD2d 466 [2001]; *Matter of Javier L.*, 272 AD2d at 474). Even if the Family Court believed the mother's testimony regarding a promise of leniency, this would not render the appellant's statements involuntary, since the appellant concedes that no promise was ever conveyed to him (*cf. People v Morillo*, 225 AD2d 479 [1996]).

Contrary to the appellant's contentions, the victim's identification of the perpetrators in a videotape of the incident was not a formal identification procedure, as the victim was simply ratifying the events depicted on the videotape that she had experienced firsthand (*cf. People v Gee*, 99 NY2d 158, 162 [2002]). Furthermore, the victim's inability to identify the appellant in a photograph prior to trial goes to the weight of her in-court identification, and not to its admissibility (*cf. People v Grant*, 94 AD3d 1139 [2012]).

Viewing the evidence adduced at the fact-finding hearing in the light most favorable to the presentment agency (*see Matter of Tanasia Elanie E.*, 49 AD3d 642 [2008]; *Matter of Shariff A.*, 28 AD3d 546, 547 [2006]), we find that it was legally sufficient to support the determinations made in the order of fact-finding, other than the determination as to count 2.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence, we nevertheless accord great deference to the opportunity of the factfinder to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Briona T.G.*, 47 AD3d 811 [2008]; *Matter of Carliph T.*, 26 AD3d 440 [2006]; *Matter of Jabari W.*, 18 AD3d 767, 768 [2005]; *cf. People v Mateo*, 2 NY3d 383, 410 [2004]). The Family Court's credibility determinations should thus be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see Matter of Charles S.*, 41 AD3d 484 [2007]; *Matter of Steven L.*, 21 AD3d 962, 963 [2005]; *Matter of Kryzstof K.*, 283 AD2d 431 [2001]). Upon reviewing the record here, we are satisfied that the determination of the Family Court was not against the weight of the evidence (*cf. People v Romero*, 7 NY3d 633 [2006]).

Counsel provided meaningful representation throughout the

proceedings (*see Matter of Shaheen P.J.*, 29 AD3d 996 [2006]; *cf. People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]). Skelos, J.P., Dickerson, Cohen and Duffy, JJ., concur.