■ In the Matter of CHRISTOPHER H., a Person Alleged to be a Juvenile Delinquent, Appellant. [997 NYS2d 682]—

Appeal from an order of disposition of the Family Court, Kings County (Terrence J. McElrath, J.), dated September 30, 2013. The order adjudicated the appellant a juvenile delinquent and placed him on probation for a period expiring on January 6, 2015. The appeal brings up for review a fact-finding order of the same court dated May 21, 2013, which, after a hearing, found that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the third degree and criminal possession of stolen property in the fifth degree.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see Matter of Rani Z.*, 120 AD3d 824, 825 [2014]; *Matter of Tori S.*, 119 AD3d 697

[2014]; *Matter of Robert M.*, 71 AD3d 896, 897 [2010]). In any event, "[t]he evidence supporting a fact-finding in a juvenile delinquency proceeding is legally sufficient if, viewing that evidence in the light most favorable to the presentment agency, any rational trier of fact could have found the appellant's commission of all the elements of the charged crimes beyond a reasonable doubt" (*Matter of Danielle B.*, 94 AD3d 757, 758 [2012]; *see Matter of Chakelton M.*, 111 AD3d 732, 733 [2013]; *Matter of Imani Mc.*, 78 AD3d 705, 706 [2010]). Mindful of these principles, we find that the evidence adduced at the fact-finding hearing was legally sufficient to support the determinations made in the order of fact-finding.

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Dashawn R.*, 120 AD3d 1250 [2014]; *Matter of Kaseem R.*, 113 AD3d 779, 780 [2014]; *Matter of Racheal M.*, 108 AD3d 770, 771 [2013]), we nevertheless accord great deference to the opportunity of the factfinder to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Dajahn M.*, 110 AD3d 812, 813 [2013]; *Matter of Danielle B.*, 94 AD3d at 758; *Matter of Jamel C.*, 92 AD3d 782, 782-783 [2012]; *Matter of Kalexis R.*, 85 AD3d 927, 928-929 [2011]), and the Family Court's credibility determinations should not be disturbed unless clearly unsupported by the record (*see Matter of Dashawn R.*, 120 AD3d 1250 [2014]). Upon reviewing the record, we are satisfied that the determination of the Family Court was not against the weight of the evidence.

"The Family Court has broad discretion in entering dispositional orders, and its determination is accorded great deference" (*Matter of Isaiah C.*, 118 AD3d 780, 780 [2014]; *see Matter of Shyquan M.*, 115 AD3d 747, 747-748 [2014]; *Matter of Thomas N.*, 113 AD3d 778, 779 [2014]). Contrary to the appellant's contentions, the Family Court did not improvidently exercise its discretion in denying his request for an adjournment in contemplation of dismissal and instead imposing a period of probation (*see Matter of Antoine H.*, 81 AD3d 646, 646 [2011]). Balkin, J.P., Hall, Austin and Barros, JJ., concur.