■ In the Matter of ANDREA V. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JAMES A., Appellant. (Proceeding No. 1.) In the Matter of KASSANDRA A. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JAMES A., Appellant. (Proceeding No. 2.) In the Matter of JAIME A. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JAMES A., Appellant. (Proceeding No. 3.) [9 NYS3d 669]—Appeals from three orders of fact-finding and disposition and three orders of protection of the Family Court, Richmond County (Arnold Lim, J.), all dated January 29, 2014. The first order of fact-finding and disposition, inter alia, after a fact-finding hearing, found that James A. abused the child Andrea V. The second and third orders of

fact-finding and disposition, among other things, after the fact-finding hearing, found that James A. derivatively abused the children Kassandra A. and Jaime A., respectively. The first order of protection directed James A., inter alia, to stay away from the child Andrea V. until and including April 1, 2019. The second and third orders of protection directed James A., inter alia, to refrain from harassing the children Kassandra A. and Jaime A., respectively, until and including January 29, 2015.

Ordered that the appeals from the second and third orders of protection are dismissed as academic, without costs or disbursements; and it is further,

Ordered that the orders of fact-finding and disposition are affirmed, without costs or disbursements; and it is further,

Ordered that the first order of protection is affirmed, without costs and disbursements.

The second and third orders of protection, relating to the children Kassandra A. and Jaime A., respectively, expired by their own terms on January 29, 2015, and the determination of the appeals from these orders of protection would, under the facts of this case, have no direct effect upon the parties (see Matter of Melody H. [Dwayne H.], 121 AD3d 686 [2014]). Accordingly, the appeals from the second and third orders of protection must be dismissed as academic.

The Family Court's determination that the appellant sexually abused the child Andrea V. is supported by a preponderance of the evidence (see Family Ct Act § 1046 [b]; Matter of Nicole V., 71 NY2d 112, 117 [1987]; Matter of Michael U. [Marcus U.], 110 AD3d 821 [2013]). In light of the conflicting testimony presented at the fact-finding hearing, the factual findings of the Family Court turned largely on its assessment of the witnesses' credibility, which is entitled to great weight (see Matter of Michael U. [Marcus U.], 110 AD3d 821 [2013]; Matter of Trenasia J. [Frank J.], 107 AD3d 992 [2013], affd 22 NY3d 859 [2015]; Matter of Candace S., 38 AD3d 786 [2007]; Matter of Sylvia J., 23 AD3d 560 [2005]). Because the inconsistencies between Andrea V.'s hearing testimony and her prior unsworn out-of-court statements describing the abuse were minor, it cannot be said that Family Court erred in crediting her testimony. Because the record provides a sound and substantial basis for the court's determination, we find no basis to disturb it (see Matter of Victoria P. [Victor P.], 121 AD3d 1006, 1007 [2014]; Matter of Amparo B.T. [Carlos B.E.], 118 AD3d 809 [2014]).

The Family Court's determination that the appellant sexually abused the child Andrea V. supported the court's determi-

nation that he derivatively abused the children Kassandra A. and Jaime A., since his conduct established a fundamental defect in his understanding of his parental duties relating to the care of children and demonstrated that his impulse control was so defective as to create a substantial risk of harm to any child in his care (*see Matter of Ebony S. [Earlind G.]*, 123 AD3d 1136 [2014]; *Matter of Michael U. [Marcus U.]*, 110 AD3d at 821-822; *Matter of Angelica M. [Nugene A.]*, 107 AD3d 803 [2013]; *Matter of Kyanna T. [Winston R.]*, 99 AD3d 1011 [2012]; *Matter of Aliyah G. [Arlenie G.]*, 95 AD3d 885, 886 [2012]). Eng, P.J., Hall, Cohen and Barros, JJ., concur.