In the Matter of BRANDON V., a Person Alleged to be a Juvenile Delinquent, Appellant. [20 NYS3d 385]—Appeal from an order of disposition of the Family Court, Kings County (Terrence J. McElrath, J.), dated December 23, 2014. The order adjudicated Brandon V. a juvenile delinquent and placed him on probation for a period of 24 months. The appeal brings up for review an order of fact-finding of that court dated October 14, 2014, which, after a hearing, found that Brandon V. committed acts which, if committed by an adult, would have constituted the crimes of robbery in the third degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review, as he made only a general motion to dismiss for failure to establish a prima facie case at the close of the presentment agency's case (*see Matter of Myron J.*, 123 AD3d 1030, 1031 [2014]; *Matter of Jonathan F.*, 72 AD3d 963 [2010]; *cf.* CPL 470.05 [2]). In any event, "[t]he evidence supporting a fact-finding in a juvenile delinquency proceeding is legally sufficient if, viewing that evidence in the light most favorable to the presentment agency, any rational trier of fact could have found the appellant's commission of all the elements of the charged crimes beyond a reasonable doubt" (*Matter of Darnell G.*, 125 AD3d 969, 969 [2015] [internal quotation marks omitted]; *see Matter of Christopher H.*, 123 AD3d 713, 714 [2014]; *Matter of Danielle B.*, 94 AD3d 757, 758 [2012]). The evidence adduced at the fact-finding hearing, including the complainant's unequivocal testimony, was legally sufficient to support the finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the third degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree (*see Matter of Ellius R.*, 97 AD3d 586, 587 [2012]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Darnell G.*, 125 AD3d 969 [2015]; *Matter of Christopher H.*, 123 AD3d at 714; *Matter of Dashawn R.*, 120 AD3d 1250, 1251 [2014]), we nevertheless accord great deference to the opportunity of the fact-finder to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Darnell G.*, 125 AD3d 969 [2015]; *Matter of Christopher H.*, 123 AD3d at 714; *Matter of Dajahn M.*, 110 AD3d 812, 813 [2013]). The Family Court's credibility determinations should

not be disturbed unless clearly unsupported by the record (*see Matter of Darnell G.*, 125 AD3d 969 [2015]; *Matter of Christopher H.*, 123 AD3d at 714; *Matter of Dashawn R.*, 120 AD3d at 1251). Upon reviewing the record, we are satisfied that the fact-finding determination of the Family Court was not against the weight of the evidence. Eng, P.J., Balkin, Cohen and Duffy, JJ., concur.