Matter of Deandre A. (2018 NY Slip Op 00827)





Matter of Deandre A.


2018 NY Slip Op 00827


Decided on February 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SANDRA L. SGROI, JJ.


2016-10685
 (Docket No. D-5055-16)

[*1]In the Matter of Deandre A. (Anonymous), appellant.


Martin & Colin, P.C., White Plains, NY (Lisa F. Colin of counsel), for appellant.
John M. Nonna, White Plains, NY (James Castro-Blanco and David H. Chen of counsel), for respondent.



DECISION & ORDER
Appeal from an order of fact-finding and disposition of the Family Court, Westchester County (Kathie E. Davidson, J.), entered September 19, 2016. The order of fact-finding and disposition, insofar as appealed from, adjudicated Deandre A. a juvenile delinquent upon a finding that he committed acts which, if committed by an adult, would have constituted the crimes of attempted strangulation in the second degree, criminal obstruction of breathing or blood circulation, and attempted assault in the third degree.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The presentment agency filed a petition alleging, inter alia, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted strangulation in the second degree (Penal Law §§ 110, 121.12), criminal obstruction of breathing or blood circulation (Penal Law § 121.11[a]), and attempted assault in the third degree (Penal Law §§ 110.00, 120.00[1]). At the fact-finding hearing, there was evidence presented that the appellant put his hands around the neck of a social worker and applied pressure, and also covered her nose and mouth, causing her pain and leaving her with red marks on her neck and nose. The Family Court determined that the presentment agency sustained its burden of proof of establishing that the appellant had committed acts which, if committed by an adult, would have constituted the foregoing three crimes.
The appellant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see Matter of Melissa N., 62 AD3d 884; Matter of Charles S., 41 AD3d 484, 485). In any event, viewing the evidence at the fact-finding hearing in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted strangulation in the second degree (Penal Law §§ 110, 121.12), criminal obstruction of breathing or blood circulation (Penal Law § 121.11[a]), and attempted assault in the third degree (Penal Law §§ 110.00, 120.00[1]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Brandon V., 133 AD3d 769, 769; Matter of Dashawn R., 120 AD3d 1250, [*2]1251; Matter of Kaseem R., 113 AD3d 779, 780), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see Matter of Dajahn M., 110 AD3d 812; Matter of Danielle B., 94 AD3d 757, 758; Matter of Jamel C., 92 AD3d 782, 782-783; Matter of Kalexis R., 85 AD3d 927, 928-929). The Family Court's credibility determinations should not be disturbed unless clearly unsupported by the record (see Matter of Brandon V., 133 AD3d at 769-770; Matter of Darnell G., 125 AD3d 969, 969; Matter of Dashawn R., 120 AD3d at 1251). Upon reviewing the record, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (cf. People v Romero, 7 NY3d 633, 644-645).
The appellant's remaining contentions are without merit.
BALKIN, J.P., AUSTIN, ROMAN and SGROI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court