Matter of Roberto C.E.-C. (2018 NY Slip Op 02616)





Matter of Roberto C. E.-C.


2018 NY Slip Op 02616


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-07701
 (Docket No. E-3781-17)

[*1]In the Matter of Roberto C. E.-C. (Anonymous), appellant.


Bruno J. Bembi, Hempstead, NY, for appellant.
Jared A. Kasschau, County Attorney, Mineola, NY (Robert F. Van der Waag and Robert R. Miles of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding, Roberto C. E.-C. appeals from an order of disposition of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated July 5, 2017. The order of disposition, insofar as appealed from, adjudicated the appellant a juvenile delinquent. The appeal from the order of disposition brings up for review an order of fact-finding of the same court dated May 17, 2017, which, after a hearing, found that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the first degree, robbery in the second degree, and assault in the third degree.
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
Viewing the evidence in the light most favorable to the presentment agency (see Matter of Chakelton M., 111 AD3d 732, 733; Matter of Danielle B., 94 AD3d 757, 758; Matter of Imani Mc., 78 AD3d 705, 706), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant, acting in concert with others, committed acts which, if committed by an adult, would have constituted the crime of robbery in the first degree (see Matter of Andre S., 51 AD3d 1030, 1033; Matter of Bruce K., 306 AD2d 479, 480). The appellant's conduct, which consisted of hitting and kicking the victim, intentionally aided the principal actors, and served to overcome the victim's resistance to the robbery (see Matter of Richard G., 95 AD3d 455, 455-456; Matter of Jonathan V., 43 AD3d 470, 471; Matter of Justice G., 22 AD3d 368, 369).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Brandon V., 133 AD3d 769, 769; Matter of Dashawn R., 120 AD3d 1250, 1251; Matter of Kaseem R., 113 AD3d 779, 780), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor (see Matter of Dajahn M., 110 AD3d 812, 813; Matter of Danielle B., 94 AD3d at 758; Matter of Jamel C., 92 AD3d 782, 782-783; Matter of Kalexis R., 85 AD3d 927, 928-929). The hearing court's credibility determinations should not be disturbed unless clearly unsupported by the record (see Matter of Brandon V., 133 AD3d at 769; Matter of Darnell G., 125 AD3d 969, 969; Matter of Dashawn R., 120 AD3d at 1251). Upon reviewing the record, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence.
MASTRO, J.P., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court