Matter of Sekani D. (2019 NY Slip Op 03968)





Matter of Sekani D.


2019 NY Slip Op 03968


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2017-08781
 (Docket No. D-296-15)

[*1]In the Matter of Sekani D. (Anonymous), appellant.


Janet E. Sabel, New York, NY (Dawne A. Mitchell and Raymond E. Rogers of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng and Jonathan Popolow of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Sekani D. appeals from an order of disposition of the Family Court, Kings County (Jacqueline D. Williams, J.), dated July 20, 2017. The order of disposition, insofar as appealed from, adjudicated Sekani D. a juvenile delinquent. The appeal brings up for review an order of fact-finding of the same court dated January 9, 2017, which, after a hearing, found that Sekani D. committed acts which, if committed by an adult, would have constituted the crimes of rape in the third degree, sexual misconduct, and sexual abuse in the second degree.
ORDERED that the order of disposition is modified, on the law, by deleting the provision thereof adjudicating Sekani D. a juvenile delinquent based upon the finding that he committed acts which, if committed by an adult, would have constituted the crime of sexual misconduct, and substituting therefor a provision dismissing that count of the petition; as so modified, the order of disposition is affirmed insofar as appealed from, without costs or disbursements, and the order of fact-finding is modified accordingly.
"The evidence supporting a fact-finding in a juvenile delinquency proceeding is legally sufficient if, viewing that evidence in the light most favorable to the presentment agency, any rational trier of fact could have found the appellant's commission of all the elements of the charged crimes beyond a reasonable doubt" (Matter of Darnell G., 125 AD3d 969, 969 [internal quotation marks omitted]; see Family Ct Act § 342.2[2]; Matter of Brandon V., 133 AD3d 769; Matter of Christopher H., 123 AD3d 713). Viewing the evidence in the light most favorable to the presentment agency, we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of rape in the third degree, sexual misconduct, and sexual abuse in the second degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Brandon V., 133 AD3d at 769), we accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (see Matter of Darnell G., 125 AD3d 969; Matter of Clarissa S., 83 AD3d 1083; Matter of Lauryn H. [William A.], 73 AD3d 1175). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determinations were not against the weight of the evidence. Contrary to the appellant's contention, because the inconsistencies between the complainant's testimony and her prior unsworn out-of-court statements describing the [*2]incident were minor, it cannot be said that the court erred in crediting her testimony (see Matter of Andrea V. [James A.], 128 AD3d 1077, 1078; Matter of Juan P., 107 AD3d 1001).
However, as the appellant correctly contends, the sexual misconduct count is an inclusory concurrent count of the rape in the third degree count and, therefore, must be dismissed. Under the circumstances of this case, the appellant could not have committed acts which, if committed by an adult, would have constituted the crime of rape in the third degree without having committed acts which, if committed by an adult, would have constituted the crime of sexual misconduct (see CPL 300.30[4]; 300.40[3][b]; Penal Law §§ 130.20[1]; 130.25[3]; Matter of Michael M., 165 AD3d 1145, 1147; Matter of Justin D., 114 AD3d 941, 943).
The appellant's remaining contention is without merit.
BALKIN, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court