Matter of Yeyson E. M. (2019 NY Slip Op 06087)





Matter of Yeyson E. M.


2019 NY Slip Op 06087


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-09571
 (Docket No. D-4575-18)

[*1]In the Matter of Yeyson E. M. (Anonymous), appellant.


Gail Jacobs, Great Neck, NY, for appellant.
Jared A. Kasschau, County Attorney, Mineola, NY (Christi Marie Kunzig of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Yeyson E. M. appeals from an order of disposition of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated July 5, 2018. The order of disposition adjudicated Yeyson E. M. a juvenile delinquent and placed him on probation for a period of 18 months. The appeal brings up for review an order of fact-finding of the same court dated June 5, 2018, which, after a hearing, found that Yeyson E. M. committed acts which, if committed by an adult, would have constituted the crimes of attempted assault in the second degree and menacing in the second degree.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
" [T]he evidence supporting a fact-finding in a juvenile delinquency proceeding is legally sufficient if, viewing that evidence in the light most favorable to the presentment agency, any rational trier of fact could have found the appellant's commission of all the elements of the charged crimes beyond a reasonable doubt'" (Matter of Christopher H., 123 AD3d 713, 714, quoting Matter of Danielle B., 94 AD3d 757, 758; see Family Ct Act § 342.2[2]; Matter of Brandon V., 133 AD3d 769). Here, viewing the evidence in the light most favorable to the presentment agency, we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted assault in the second degree (see People v Williams, 164 AD3d 842, 844; People v Guerrero, 150 AD3d 883, 885; Matter of Tatiana N., 73 AD3d 186, 191) and menacing in the second degree (see Matter of Rene S., 167 AD3d 630; Matter of Franklin D.U., 161 AD3d 878; Matter of Monay W., 33 AD3d 809, 810).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Brandon V., 133 AD3d at 769), we accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (see Matter of Darnell G., 125 AD3d 969; Matter of Clarissa S., 83 AD3d 1083; Matter of Lauryn H. [William A.], 73 AD3d 1175). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determinations were not against the weight of the evidence.
DILLON, J.P., COHEN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court