Matter of Khamari P. (2020 NY Slip Op 00142)





Matter of Khamari P.


2020 NY Slip Op 00142


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-13721 
2018-13723
 (Docket No. E-4244-16)

[*1]In the Matter of Khamari P. (Anonymous), appellant.


Jonathan A. Rosenberg, Brooklyn, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and Cynthia Kao of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Khamari P. appeals from (1) an order of disposition of the Family Court, Kings County (Erik S. Pitchal, J.), dated October 29, 2018, and (2) an order of protection of the same court, also dated October 29, 2018. The order of disposition, upon an order of fact-finding of the same court dated April 23, 2018, made after a hearing, finding that Khamari P. committed acts which, if committed by an adult, would have constituted the crimes of criminal sexual act in the first degree (two counts), sexual abuse in the first degree (two counts), criminal sexual act in the third degree (two counts), sexual misconduct (two counts), and sexual abuse in the third degree (two counts), adjudicated Khamari P. a juvenile delinquent and placed him on probation for a period of 18 months. The order of protection directed Khamari P., inter alia, to stay away from the complainant until and including April 29, 2020.
ORDERED that the order of disposition and the order of protection are affirmed, without costs or disbursements.
By petition dated July 28, 2016, the presentment agency alleged that the appellant committed acts which, if committed by an adult, would constitute the crimes of criminal sexual act in the first degree (two counts), course of sexual conduct against a child in the first degree, course of sexual conduct against a child in the second degree, sexual abuse in the first degree (two counts), criminal sexual act in the third degree (two counts), sexual misconduct (two counts), and sexual abuse in the third degree (two counts). After a fact-finding hearing, the Family Court found beyond a reasonable doubt that the appellant had committed acts which, if committed an adult, would have constituted the crimes of criminal sexual act in the first degree (two counts), sexual abuse in the first degree (two counts), criminal sexual act in the third degree (two counts), sexual misconduct (two counts), and sexual abuse in the third degree (two counts). The court adjudicated the appellant a juvenile delinquent and placed him on probation for a period of 18 months. The court also issued an order of protection directing the appellant, inter alia, to stay away from the complainant until and including April 29, 2020.
As a threshold matter, the appellant failed to preserve for appellate review his contention that the Family Court should have precluded the presentment agency from introducing [*2]into evidence statements he made to a detective on the ground that the presentment agency failed to provide timely notice of those statements in accordance with Family Court Act § 330.2 (see CPL 710.30; People v Moreno, 148 AD3d 827, 828). In any event, this contention is without merit inasmuch as the record demonstrates that the appellant was served with a voluntary disclosure form at the parties' initial court appearance on the date the petition was filed, which gave notice to the appellant of the presentment agency's intent to offer the subject statements into evidence at the fact-finding hearing (see People v Campbell, 158 AD3d 723, 724).
The appellant also failed to preserve for appellate review his contentions that his right to a speedy fact-finding hearing and due process right to prompt prosecution had been violated (see Matter of Dashawn R., 114 AD3d 686, 686). In any event, these contentions are without merit. The record demonstrates that the appellant's counsel repeatedly consented to adjourn the proceedings, "thereby waiving speedy fact-finding hearing objections and tolling the 60-day statutory period within which the fact-finding hearing must be commenced" (id.; see Matter of Christina R.H., 90 AD3d 926, 927; Matter of Dania W., 65 AD3d 1356, 1356). Furthermore, under the circumstances, the approximate eight-month delay between the filing of the petition and the commencement of the fact-finding hearing was not unreasonable and did not deprive the appellant of his due process right to prompt prosecution (see Matter of Benjamin L., 92 NY2d 660; People v Taranovich, 37 NY2d 442, 447; Matter of Dayshawn S., 122 AD3d 748, 749).
Contrary to the appellant's contention, the Family Court providently exercised its discretion in precluding the appellant from cross-examining the complainant and her mother about a purported prior allegation of sexual abuse made by the complainant since the appellant failed to " provide a sufficient factual basis to suggest a pattern casting substantial doubt on the validity of the [subject] charges'" (People v Lominy, 176 AD3d 741, 741, quoting People v Weberman, 134 AD3d 862, 863 [internal quotation marks omitted]; see People v Piedra, 87 AD3d 706, 706).
" [T]he evidence supporting a fact-finding in a juvenile delinquency proceeding is legally sufficient if, viewing that evidence in the light most favorable to the presentment agency, any rational trier of fact could have found the appellant's commission of all the elements of the charged crimes beyond a reasonable doubt'" (Matter of Christopher H., 123 AD3d 713, 714, quoting Matter of Danielle B., 94 AD3d 757, 758; see Family Ct Act § 342.2[2]). Here, when viewed in the light most favorable to the presentment agency, the evidence was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal sexual act in the first degree (two counts), sexual abuse in the first degree (two counts), criminal sexual act in the third degree (two counts), sexual misconduct (two counts), and sexual abuse in the third degree (two counts) (Penal Law §§ 130.00[3]; 130.20[2]; 130.40[3]; 130.50[3]; 130.55, 130.65[3]).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Brandon V., 133 AD3d 769, 769), we accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (see Matter of Yeyson E.M., 175 AD3d 497, 498). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determinations were not against the weight of the evidence.
The appellant's remaining contentions are without merit.
AUSTIN, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court