Matter of Kylik C. (2020 NY Slip Op 00587)





Matter of Kylik C.


2020 NY Slip Op 00587


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2019-04021
 (Index No. D-2168-18)

[*1]In the Matterr of Kylik C. (Anonymous), appellant.


Geanine Towers, Brooklyn, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Richard Dearing and Cynthia Kao of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Kylik C. appeals from an order of disposition of the Family Court, Richmond County (Helene D. Sacco, J.), dated March 12, 2019. The order of disposition, upon an order of fact-finding of the same court also dated March 12, 2019, made after a hearing, finding that Kylik C. committed acts which, if committed by an adult, would have constituted the crimes of menacing in the second degree (two counts) and criminal possession of a weapon in the fourth degree, adjudicated him a juvenile delinquent and, on consent, conditionally discharged him for a period of 12 months.
ORDERED that on the Court's own motion, the notice of appeal from the order of fact-finding is deemed to be a premature notice of appeal from the order of disposition (see CPLR 5520[c]); and it is further;
ORDERED that the order of disposition is affirmed, without costs or disbursements.
"The evidence supporting a fact-finding in a juvenile delinquency proceeding is legally sufficient if, viewing that evidence in the light most favorable to the presentment agency, any rational trier of fact could have found the appellant's commission of all the elements of the charged crimes beyond a reasonable doubt" (Matter of Danielle B., 94 AD3d 757, 758; see Family Ct Act § 342.2[2]; Matter of Brandon V., 133 AD3d 769). The appellant contends that the presentment agency failed to adduce legally sufficient evidence establishing that he committed acts which, if committed by an adult, would have constituted the crimes of menacing in the second degree and criminal possession of a weapon in the fourth degree. The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review, since he did not raise those claims at the hearing (see Matter of Brandon S., 169 AD3d 1047; Matter of Jonathan F., 72 AD3d 963). In any event, viewing the evidence in the light most favorable to the presentment agency, we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of menacing in the second degree (see Matter of Rene S., 167 AD3d 630, 631; Matter of Franklin D.U., 161 AD3d 878, 879; see also Matter of Monay W., 33 AD3d 809, 810) and criminal possession of a weapon in the fourth degree (see Matter of Rene S., 167 AD3d at 631).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Brandon V., 133 AD3d at 769), we accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (see Matter of Darnell G., 125 AD3d 969; Matter of Clarissa S., 83 AD3d 1083, 1084). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determinations were not against the weight of the evidence.
AUSTIN, J.P., ROMAN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court