Matter of Blake P. (2020 NY Slip Op 01347)





Matter of Blake P.


2020 NY Slip Op 01347


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2019-01510
 (Docket No. D-16670-18)

[*1]In the Matter of Blake P. (Anonymous), appellant.


Laurette D. Mulry, Central Islip, NY (Steven Flaumenhaft and John B. Belmonte of counsel), for appellant.
Dennis M. Brown, County Attorney, Riverhead, NY (Jayne M. St. James of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Blake P. appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Paul M. Hensley, J.), dated January 17, 2019. The order of fact-finding and disposition, after a fact-finding hearing, found that Blake P. committed acts which, if committed by an adult, would have constituted the crime of aggravated harassment in the second degree, adjudicated him a juvenile delinquent, and placed him on probation for a period of two years.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The appellant was accused of making several threatening telephone calls to his mother. Following a fact-finding hearing, the Family Court found that the appellant committed acts which, if committed by an adult, would have constituted the crime of aggravated harassment in the second degree, adjudicated him a juvenile delinquent, and placed him on probation for a period of two years.
The appellant contends that the evidence was legally insufficient to establish his identity as the perpetrator of the threatening calls and the intent and true threat elements of aggravated harassment in the second degree (Penal Law § 240.30[1][a]). "The evidence supporting a fact-finding in a juvenile delinquency proceeding is legally sufficient if, viewing that evidence in the light most favorable to the presentment agency, any rational trier of fact could have found the appellant's commission of all the elements of the charged crimes beyond a reasonable doubt" (Matter of Danielle B., 94 AD3d 757, 758). Here, viewing the evidence in the light most favorable to the presentment agency, we find that it was legally sufficient to establish, beyond a reasonable doubt, the appellant's identity as the perpetrator of the threatening calls (cf. People v Martinez, 19 Misc 3d 1104[A], 2008 NY Slip Op 50549[U] [Crim Ct, New York County]). In addition, the evidence was legally sufficient to establish, beyond a reasonable doubt, the elements of intent (see People v Jaber, 172 AD3d 1227, 1229) and true threat (see People v Orr, 47 Misc 3d 1213[A], 2015 NY Slip Op 50568[U] [Crim Ct, New York County]) of aggravated harassment in the second degree.
"In fulfilling our responsibility to conduct an independent review of the weight of the [*2]evidence, we nevertheless accord great deference to the opportunity of the factfinder to view the witnesses, hear the testimony, and observe demeanor" (Matter of Dashawn R., 120 AD3d 1250, 1251). "The Family Court's credibility determinations should not be disturbed unless clearly unsupported by the record" (Matter of Brandon V., 133 AD3d 769, 769-770). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence.
The appellant's remaining contention is without merit.
CHAMBERS, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court