Matter of Corey H. (2020 NY Slip Op 04307)





Matter of Corey H.


2020 NY Slip Op 04307


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2019-02054
 (Docket No. E-12501-18)

[*1]In the Matter of Corey H. (Anonymous), appellant.


Janet E. Sabel, New York, NY (Dawne A. Mitchell and Raymond E. Rogers of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Melanie T. West and Cynthia Kao of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Corey H. appeals from an order of disposition of the Family Court, Kings County (Alan Beckoff, J.), dated February 1, 2019. The order of disposition, upon an order of fact-finding of the same court dated November 8, 2018, made after a hearing, finding that Corey H. committed acts which, if committed by an adult, would have constituted the crimes of robbery in the third degree, assault in the second degree, and criminal possession of stolen property in the fifth degree, adjudicated him a juvenile delinquent, and placed him in a limited secure facility for a period of up to 18 months.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
" [T]he evidence supporting a fact-finding in a juvenile delinquency proceeding is legally sufficient if, viewing that evidence in the light most favorable to the presentment agency, any rational trier of fact could have found the appellant's commission of all the elements of the charged crimes beyond a reasonable doubt'" (Matter of Christopher H., 123 AD3d 713, 714, quoting Matter of Danielle B., 94 AD3d 757, 758; see Family Ct Act § 342.2[2]). Viewing the evidence in the light most favorable to the presentment agency, we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the third degree, assault in the second degree, and criminal possession of stolen property in the fifth degree.
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Brandon V., 133 AD3d 769), we accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (see Matter of Darnell G., 125 AD3d 969; Matter of Clarissa S., 83 AD3d 1083). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determinations were not against the weight of the evidence. Contrary to the appellant's contention, because the inconsistencies between the complainant's testimony and her prior unsworn out-of-court statements describing the incident were minor, it cannot be said that the court erred in crediting her testimony (see Matter of Sekani D., 172 AD3d 1204, 1205; Matter of Andrea V. [James A.], 128 AD3d 1077, 1078; Matter of Juan P., 107 AD3d 1001).
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court