Matter of Connor C. (2020 NY Slip Op 06775)





Matter of Connor C.


2020 NY Slip Op 06775


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2019-06765
 (Docket No. D-2402-18)

[*1]In the Matter of Connor C. (Anonymous), appellant.


Law Offices of David J. Squirrell, P.C., Bedford Hills, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Jason S. Whitehead of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Connor C. appeals from an order of fact-finding and disposition of the Family Court, Westchester County (Mary Anne Scattarretico-Naber, J.), entered April 26, 2019. The order of fact-finding and disposition, made after a hearing, found that Connor C. committed acts which, if committed by an adult, would have constituted the crime of assault in the second degree, adjudicated him a juvenile delinquent, and placed him on probation until June 30, 2020.
ORDERED that the appeal from so much of the order of fact-finding and disposition as placed the appellant on probation until June 30, 2020, is dismissed as academic, without costs or disbursements, as the period of probation has expired (see Matter of Raees T.B., 172 AD3d 707, 707); and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
The appellant was accused of physically attacking the complainant on a school soccer field as part of a group attack. Following a hearing, the Family Court issued an order of fact-finding and disposition, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crime of assault in the second degree under Penal Law § 120.05(2).
The appellant's contention that the evidence was legally insufficient to support the Family Court's fact-finding determination against him is unpreserved for appellate review (see Matter of Rodolfo M., 79 AD3d 752). In any event, viewing the evidence in the light most favorable to the presentment agency (see Matter of Jonathan F., 177 AD3d 736, 738), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts, individually and in concert with others, which, if committed by an adult, would have constituted the crime of assault in the second degree (see Penal Law §§ 20.00, 120.05[2]; Matter of Jason J., 187 AD2d 652; Matter of Juan J., 180 AD2d 495). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Christopher H., 123 AD3d 713, 714), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (see Matter of Dashawn R., 120 AD3d 1250, [*2]1251). Upon reviewing the record, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence.
MASTRO, J.P., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court