Matter of Meyanah D. (2021 NY Slip Op 08183)





Matter of Meyanah D.


2021 NY Slip Op 08183


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-13631
 (Docket No. D-4544-19)

[*1]In the Matter of Meyanah D. (Anonymous), appellant.


John M. Zenir, Garden City, NY, for appellant.
Jared A. Kasschau, County Attorney, Mineola, NY (Robert F. Van der Waag of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Meyanah D. appeals from an order of disposition of the Family Court, Nassau County (Conrad D. Singer, J.), dated October 24, 2019. The order of disposition, insofar as appealed from, upon an order of fact-finding of the same court dated August 20, 2019, made after a hearing, finding that Meyanah D. committed an act which, if committed by an adult, would have constituted the crime of attempted assault in the third degree, adjudicated her a juvenile delinquent.
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
Viewing the evidence in the light most favorable to the presentment agency (see Matter of Connor C., 188 AD3d 1040, 1041; Matter of Jonathan F., 177 AD3d 736, 738), we find that it was legally sufficient to establish that the appellant committed an act which, if committed by an adult, would have constituted the crime of attempted assault in the third degree (Penal Law §§ 110.00, 120.00[1]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Christopher H., 123 AD3d 713, 714), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (see Matter of Dashawn R., 120 AD3d 1250, 1251). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence.
The appellant's remaining contentions are without merit.
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court